WILLIAM H. HARVILL, plaintiff in error, *vs.* WILLIAM B. LOWE, defendant in error.

Where land is sold with none of the purchase money paid; bond for titles given and notes payable at different periods taken for the purchase money ; judgment obtained by the vendor on the first notes after they fell due, upon non-payment; the land levied on under such judgment; after the levy and a day or two before sale, a deed filed in the Clerk's office, under section 3604 of the Code; the land sold and bought by the vendor who goes into possession, and some time afterward a third person, to whom the vendee had mortgaged it, after he obtained his bond for titles but before the filing and recording of the deed, fore-

closes his mortgage and levies on the land, and the original vendor and now holder of the land under the sheriff's sale claims the property :·

*Held,* That the sale of the land was void, but that the lien of the vendor upon the land for the purchase money was superior to the claims of all creditors who gave credit before the filing and recording of the deed, and that such creditors could not subject the land to the payment of their debts by levy and sale, the filing and recording of the deed for the purpose contemplated by the statute, not being such a conveyance of the title to the defendant as to give them any claim upon it, as against the vendor, who can now levy and subject the property to the payment of the purchase money by pursuing the mode prescribed by the statute.

Claim. Bond for titles. Levy and sale. Filing deed. Vendor's lien. Mortgage lien. Before Judge Hopkins. Fulton Superior Court. April Term, 1871.

An execution in favor of William B. Lowe against one Lee Smith, founded upon a mortgage executed October 10th, 1866, for $350 00 principal, and $20 00 interest to October 9th, 1867, the date of the rule absolute, and issued on October 27th, 1867, was levied on December 7th, 1867, on the lot of land described in said mortgage, to-wit: Part of land lot number fifty, in the fourteenth district of originally Henry, now Fulton county, containing three-fourths of an acre more or less. On the seventh day of January, 1868, William H. Harvill filed a claim to said property.

The issue upon the claim was submitted to the presiding Judge, upon the following agreed statement of facts :

· "Harvill owned the land levied on and agreed to sell it to Lee Smith, took his note for the purchase money and gave Lee Smith his bond for titles. Harvill obtained judgment upon part of Smith's notes, and levied upon said land to make the purchase money; he filed no deed to Smith before making the levy, but did file one in the Clerk's office of said Court a day or two before the sale under said levy. At the sale Harvill bid off the land for less than the purchase money ; two hundred and fifty dollars of the purchase money and costs are yet unpaid. Harvill bid it off at the sheriff's sale on the first

Tuesday of August, 1867. Lowe's judgment against Smith was obtained on the 9th of October, 1867, and levied on this land on the 7th of December, 1867, W. H. Harvill having been in possession ever since his purchase, Lee Smith being in possession until the sale." The bond for titles alluded to was from Harvill to Smith, dated October 9th, 1866, in the usual form, for the land described in the levy at $1,000 00 to be paid as follows: $100 00 this day, and $100 00 to be paid monthly on the first of each |month thereafter until the sum of $1,000 00 was paid.

The Court held the land subject to the Lowe judgment and ordered the execution to proceed.

Counsel for Harvill moved for a new trial upon the following ground, to-wit:

"Because the judgment was wrong upon the facts submitted, and because of mistake in this: Counsel agreed upon the facts as they understood them to be, but have since learned that no part of the purchase money has ever been paid. The allusion to $250 00 of the purchase money being yet unpaid was intended by said agreement to mean that Harvill's bid at sheriff's sale was $250 60 short of the original purchase money, and not that Smith had paid the purchase money, and the admission in the agreement that part of the purchase money had been paid was a mistake of counsel."

The Court refused a new trial, and counsel for William H. Harvill excepted and assigns said ruling as error.

A. W. HAMMOND & SON, for plaintiff in error. ·

1st. Delivery to grantee necessary to pass title by deed: 17 Ga. R., 267; 30 *Ibid.*, 899; Code, secs. 2648, 2651.

2d. Act of 1847 is codified in Code, sec. 3604.

3d. 22 Ga. R., 116, does not affect this case.

JUNIUS HILLYER; HILLYER & BROTHER, for defendant·

1st. The sheriff's sale to Harvill conveyed no title: 22 Ga. R., 116.

2d. The statute requires the deed to be filed before levy: 22 Ga. R., 116; Code, sec. 3604.

MONTGOMERY, Judge.

The mortgage from Smith to Lowe in this case was nothing more than a mortgage of whatever interest Smith had at the date of the mortgage. Possibly, if Smith had acquired complete title to the land between the date of the mortgage and its foreclosure, he would have been estopped to deny Lowe's right of foreclosure upon the entire estate which he held. His mortgage certainly does not estop Harvill. Does the deed? Suppose Harvill had filed his deed after the mortgage had been foreclosed, and the land levied on under the mortgage execution? Manifestly the execution of Harvill must have taken precedence of the mortgage *fi. fa.* under section 3604 of the Code. True, the sale of the land, under the levy made before the deed was filed, is not in accordance with the statute, and, therefore, invalid; but that leaves the case precisely where it would have been had Harvill filed his deed, and before he could levy the mortgage creditor had anticipated him and levied his execution. To state the facts, as it seems to me, is to decide the case. Had the mortgage been made after the deed was recorded, and before Harvill had levied, the case might have been different, though even then it is difficult to see why the judgment lien of Harvill would not have attached *eo instanti* that the deed was recorded to the exclusion of "any other judgment or encumbrance against the defendant."

The act of registering a deed does not amount to such a delivery of it as will transfer the title from the grantor to the grantee. Its being placed on record by the direction of the grantor is, at most, but *prima facie* evidence of its delivery, which may be explained and rebutted: *Wellborn vs. Weaver et al.,* 17 *Georgia,* 275.

Judgment reversed.