BUSH *vs.* ROGAN.

Though a deed be made to defraud creditors, neither the vendor nor those in privity with him will be allowed to set up this fact to defeat an action of ejectment brought by the vendee. The deed is good as between the parties thereto and those in privity with them, though void as to creditors. Therefore the declaration of the vendor, whether made before or after the execution of the deed, as to his embarrassed condition, and the object of its execution, would be inadmissible.

Estoppel. Deed. Debtor and creditor. Before Judge WRIGHT, Dougherty Superior Court. April Term, 1880.

Reported in the opinion.

D. A. VASON, for plaintiff in error.

D. H. POPE, for defendant.

HAWKINS, Justice.

This was an action of ejectment brought by the plaintiff in error against the defendant, to recover a house and lot in the city of Albany.

The muniment of title relied upon by the plaintiff was a warranty deed from J. J. Bush, who was the son of plaintiff, dated the sixth day of January, 1876, and recorded January 15th, 1877. J. J. Bush having moved and died before the suit was brought, the widow of J. J. Bush defended the action, and relied on the evidence contained in her interrogatories to defeat the plaintiff's recovery. It appears that when the plaintiff took the deed he paid J. J. Bush $600.00 cash for the same, the full consideration.

Mrs. J. J. Bush, widow of J. J. Bush, testified that J. J. Bush, at the time of making the deed to the city lot in Albany, Ga., to M. H. Bush, was, as *he said*, embarrassed pecuniarily, and made the deed to prevent his creditors from troubling him; this evidence was objected to on the

ground that it was the sayings of the vendor after the execution of the deed, which was overruled and the testimony admitted.

The court charged the jury that if it appeared to them that the sayings were after the title passed to the plaintiff, the jury would not consider the testimony, but if before, it was competent.

Was this testimony competent either before or after the execution of the deed, to defeat the recovery of the land by the plaintiff from the vendor or his heirs, administrator or assigns, upon the ground that the same was executed to delay, defeat or hinder creditors? We think not.

This court has settled the doctrine that a man is estopped by his deed, and he will not be permitted to prove the contrary except in cases abhorrent to law and public policy, such as usury, etc.; and this is true in cases where the deed is made to defraud creditors. A deed to delay, defeat, hinder and defraud creditors is void as to creditors, but good between the parties, and where the consideration is paid, neither the vendor nor his representative can set up the fact of the fraud to defeat a recovery. There are exceptions to the general rule, such as usury, gaming contracts, and such as the ascertainment of the truth is in furtherance of public policy; and whilst the law will leave parties in *pari delicto* in certain cases, and forbid inquiry, upon the principle that the law will not assist in a wrong, yet in cases of fraudulent conveyances where the consideration is paid the transaction will be upheld *intersese*, and neither the vendor nor his representatives will be allowed to allege the contrary.

In 1 *Ga.*, 551, this court says: "A party claiming under a grantor, as distributee or legatee, cannot impeach his deed or grant for the want of consideration, or because it was intended to defraud creditors; both the grantor and his privies are estopped."

In 20 *Ga.*, 660, in the case of *Goodwyn vs. Goodwyn*, this court says: "If A sells property to B to defraud his credi-

tors, while the compact is void as to creditors, it is nevertheless good as between A and B.   If B paid the money for the property, he can sue for and recover it.   Not so, however, if no consideration or price was paid."   See, also, 19 *Ga.*, 290, where the same ruling was made in the case of *Crossby vs. DeGraffenreid.   22 Ga.*, 431, *Beale vs. Hall.*   In the case in 44 *Ga.*, this court has recognized the distinction in this class of cases where the conveyance was voluntary, and where the whole consideration was paid.

This being a controversy between the grantee and the representative of the grantor, we do not think it was competent to avoid the recovery by the declaration of the grantor that the deed was made to delay his creditors.

By the 24th section of the 13th and 27th Elizabeth, against conveyances to defraud creditors, and which is of force in Georgia, it is enacted that every conveyance to defraud creditors shall be void as to such creditors, and them only—and so is the Code, §1951.

The rules of evidence are founded on the soundest policy and reason, and are wisely accommodated to the transactions of mankind.   They pervade all classes of the community, and are equally applicable to the commonwealth, the late proprietaries and each individual citizen.   The oral or written assertions of any man may be received in evidence against himself, his heirs, and all persons claiming under him, because each of them stand precisely in the same situation and represent him.   But when third persons set up an adverse title to such heirs or claimants, derived from some person's grant or contract made by the original party, or some act done by themselves, their interest ceases to be the same, and such party cannot by declarations invalidate their conflicting claim.

It is *res inter alios acta*, and if provable at all, must be by the best evidence in the power of the party.

Judgment affirmed.