## Blalock *v.* Miland.

87  573
97  464

1. A deed saying nothing of delivery in the attestation clause is nevertheless prepared for record if attested by two witnesses, one of whom was the clerk of the superior court who signed the attestation in his official character.
2. In order for the heir of a deceased donee to set up a deed of gift made to her by her father, it is not necessary that it should appear that the donee or her heir ever had possession of the premises, or that either of them ever had actual custody of the deed.
3. When it appears that an original deed of gift by a father to his daughter was never in the actual custody of the daughter, that the father is dead and that the deed was not amongst the papers left by him, the loss of the original is sufficiently accounted for to admit a copy taken from the record.
4. The donor, after making a deed of gift, having sold and conveyed the premises to other persons, there is no presumption that the deed of gift, which was adverse to their title, ever went into their possession; and consequently, whether a notice to one of them was properly directed, or a *subpœna duces tecum* to the other was properly served, is immaterial, there being no diligence to inquire of them incumbent upon the party now claiming under the deed of gift.

5. Declarations of a vendor now deceased, made at the time of conveying to his vendee, that a previous deed of gift executed by the vendor to his daughter had never been delivered and that he had destroyed the same, are not admissible in evidence in favor of the vendee against the heir of the daughter claiming under the deed of gift; nor are declarations of a third person now deceased, that he knew the deed had not been delivered, and that the donor destroyed it.

6. A written declaration made by the donor and recorded in the record of deeds, to the effect that he had not delivered to his daughter the deed of gift, and that he revoked and annulled the deed, is not admissible in evidence in favor of his vendee of the premises, the same being made several years after the deed of gift was executed and recorded.

7. It is not incumbent upon the court to specify in his charge to the jury what facts and circumstances would negative the presumption that a duly recorded deed was delivered, or to go over the various facts and circumstances in the evidence tending to negative that presumption, there being no request to do so, and the court referring the jury in general terms to the evidence on the subject.

8. The evidence warranted the verdict.            *Judgment affirmed.*
July 13, 1891.

Deeds. Delivery. Record. Gifts. Evidence. Presumptions. Charge of court. Verdict. Before Judge BOYNTON. Pike superior court. October term, 1890.

The husband and sole heir at law of Mrs. Miland, formerly Miss Lee Smith, brought complaint for land against Mrs. Blalock, and obtained a verdict. Mrs. Blalock's motion for a new trial was overruled. There were the usual grounds of the motion, that the verdict was contrary to law, evidence, etc., and the following special grounds:

(1–3) Error in admitting in evidence a copy-deed from the record of deeds of the office of the clerk of the superior court of the county in which the land lay, purporting to be a copy of a deed of gift from Levi Smith to his daughter, Lee Smith. This was the deed under which plaintiff claimed. The copy was objected to because the deed did not purport to have been delivered, the attesting clause simply stating that it was signed and sealed in presence of the witnesses thereto; because

the loss or destruction of the original was not proved before the introduction of the copy; and because neither plaintiff nor his deceased wife were shown ever to have been in possession of the deed, nor in possession of the land in pursuance thereof.

(4) The court erred in holding that a notice under section 3508 of the code, which was addressed to the attorney at law for defendant and served upon such attorney, was sufficient; and that the service of a copy of a *subpœna duces tecum* on J. W. Stafford was a sufficient service of such *subpœna;* and in admitting the copy-deed above mentioned, basing its admission upon this notice and *subpœna*, when in law the notice to produce should have been directed to defendant and not to her attorney, and the original *subpœna* and not a copy thereof should have been served.

(5) Error in refusing to allow J. W. Stafford to testify that at the time Levi Smith made his deed to Stafford, Blalock & Company, under whom defendant claimed, he stated to Stafford that the deed of gift from him to his daughter, Lee Smith, had never been delivered to her or to any one for her, and that he had destroyed it without having delivered it; and in refusing to allow Stafford to testify that at the time Smith made the deed to Stafford, Blalock & Company, one Hunt stated that he (Hunt) knew that the deed of gift had not been delivered and saw Smith destroy it, Hunt being dead at the time of the trial.

(6) Error in refusing to admit in evidence a paper taken from the record of deeds of the office of the clerk of the superior court, which purported to be signed by Levi Smith on March 15, 1877, in the presence of two witnesses, one of them a notary public, and which recited that the deed of gift from Levi Smith to his daughter, having been made and recorded with the purpose of delivering the same when his daughter should

arrive at majority, but having never been delivered to her nor to any one for her, and she having been taken from the custody and care of Levi Smith, he revoked and annulled the deed as fully as though it had never been executed.

(7) Error in charging the jury what would make a *prima facie* case of delivery, without charging what circumstances would overcome and rebut the presumption of delivery. The court charged that if Levi Smith executed the deed, signed it in the presence of witnesses and had it recorded in the county where the land lay, this would be *prima facie* evidence that it was delivered, that is, such evidence as would authorize the jury to believe that it was delivered, unless there was some evidence showing that it was not, and that Levi Smith did not intend to make and deliver it by what he had done. It is alleged that this gave the plaintiff's theory without giving that of the defendant, who claimed that the presumption of delivery from the record of the deed was overcome by the fact that the grantor received the deed again from the clerk after it was recorded, that neither plaintiff nor his wife ever had possession of the deed or land, that Levi Smith remained in possession of the land, exercising acts of ownership over it until the date of his deed to Stafford, Blalock & Company, and that this suit was not brought until Levi Smith [was dead].

Upon the trial the following appeared: Plaintiff married Lee Smith, and she is dead leaving no children. When he married her she and her mother were not living with her father. Plaintiff had never seen the original deed of gift, and neither he nor his wife had ever been in possession of the deed nor of the land, nor had he ever seen any one that had seen the original deed. Levi Smith died before this suit was brought, and had been in possession of the land until he sold it to Staf-

ford, Blalock & Company in 1883, the date of the deed of gift being March 9, 1870. He treated the land as his own up to the time of this sale. He died at the home of his son, in whose hands were all his papers, and this son had examined them carefully, failing to find the deed of gift, and had never seen it. J. W. Stafford was a member of the firm of Stafford, Blalock & Company, and conducted the trade for that firm with Levi Smith when the latter made the deed to that firm. When that deed was executed, Stafford, Blalock & Company had a mortgage on the land which they then delivered to Smith as a part of the consideration, and Stafford paid the balance of the consideration in money. The date of the mortgage did not appear. On the date of the deed of gift Levi Smith executed that deed in the office of the clerk of the superior court and handed it to the clerk to record, which the clerk did, returning it to the grantor, or to a witness who came with the grantor to the office, both this witness and the grantor being present when the deed was returned and leaving the office together. Defendant held under conveyances from Stafford Blalock & Company and others who derived title from them.

S. N. Woodward, for plaintiff in error.

Claud Worrill and B. F. McLaughlin, *contra*.