## CULBERSON *et al. v.* EVERETT *et al.*

HILL, J. 1. Under the Civil Code (1910), § 5858, par. 1, in an action to cancel a deed and recover land, the opposite party to the grantee of the deed from a deceased person, is not competent to testify in his own behalf to transactions and communications with such deceased person, affecting adversely the title conveyed by the deed; and this is true whether such transactions and communications were had by such deceased person with the party testifying, or with any other

32

person.  Accordingly, the court did not err in excluding the testimony of plaintiff as to alleged transactions and communications had by the deceased grantor in the deed with the opposite party to the case. *Hudson* v. *Broughton,* 147 *Ga.* 547 (94 S. E. 1007).

2. The evidence for the plaintiff did not authorize a recovery, and the court did not err in granting a nonsuit.

*Judgment affirmed.  All the Justices concur.*

No. 2565.  JANUARY 12, 1922.

Equitable petition.  Before Judge Tarver.  Bartow superior court.  January 14, 1921.

*J. H. Paschall,* for plaintiffs.

*Neel & Neel,* for defendant.