CHATTAHOOCHEE FERTILIZER CO. *v.* QUINN *et al.*

No. 7087. JANUARY 20, 1930.

*Newton Gaskins,* for plaintiff.
*Gordon Knox* and *J. C. Bennett,* for defendants.

HILL, J. The Chattahoochee Fertilizer Company caused to be levied an execution against Catherine Quinn, based on a judgment for $3253.90 principal, plus interest, attorney's fees, and costs, upon 289 acres of land, more or less. M. M. Quinn and Eliza Hughes filed a claim to a three-fourths undivided interest in the land. On the trial the judge directed a verdict in favor of the claimants. The plaintiff made a motion for new trial, which was overruled, and it excepted. The evidence showed as

follows: On November 11, 1876, Obediah Johnson conveyed by deed to Mrs. Eliza A. Quinn all of land lot 319 in the second district of Appling County. On June 3, 1879, Mrs. Eliza A. Quinn conveyed, for love and affection, to her four children, Treasa Arnold, Eliza B. Quinn, Morgan M. Quinn, and John Comas Quinn, 340 acres of land lot 319 (including the property in controversy), reserving in herself a life-interest therein. On December 12, 1901, a deed placed upon record purported to convey title to the property in controversy, by the four children named above, back to Mrs. Eliza A. Quinn. According to the testimony of J. C. Quinn, M. M. Quinn, and Mrs. Hughes, this last deed was a forgery as to the signatures of the claimants and Mrs. Arnold, but it was signed by J. C. Quinn. On August 18, 1906, Mrs. Eliza A. Quinn conveyed to Mrs. Catherine Quinn, wife of J. C. Quinn, "289 acres, more or less, of lot 319, second district of Jeff Davis [formerly Appling] County." M. M. Quinn purchased of Mrs. Treasa Arnold, his sister, her interest in the land. This deed was lost, and on February 3, 1926, M. M. Quinn obtained from all the heirs of Mrs. Treasa Arnold a conveyance of her interest. Mrs. Eliza A. Quinn until her death continued to live on the land with her son, J. C. Quinn, and his wife, and afterwards J. C. Quinn held as a tenant in common with the claimants.

■ One ground of the motion for new trial complains that the court erred in admitting in evidence and in refusing to exclude the certified copy of the deed dated June 3, 1879, from Eliza A. Quinn to her four children, upon the plaintiff's objections that the deed on its face was a valid conveyance in consideration of natural love and affection, and the evidence showed that none of the grantees in the deed, except John Comas Quinn (who is not a claimant or a defendant in fi. fa.), was ever in possession of the deed or of the property thereby conveyed; and that the deed being one of gift, without possession of the deed or the property, there being no delivery to the claimants, it would not be a deed superior and paramount to the deed executed by Eliza A. Quinn to Catherine Quinn, dated August 18, 1906, conveying the land in question, and recorded on February 15, 1907, which last mentioned deed was already in evidence without objection. These objections are without merit. The evidence showed that the original deed from Mrs. Quinn to her children had been destroyed

by her husband, for the asserted reason that it cut him out of any participation in the property; and the certified copy was admissible in lieu of the destroyed original. It will be observed that the original deed was duly executed and recorded; and the grantor in that deed having possession of it and being in possession of the property, having reserved a life-estate to herself, such possession of the deed and of the land inured to the benefit of her children as remaindermen after her death. See, in this connection, *Almand* v. *Almand,* 141 *Ga.* 372 (2 *a*) (81 S. E. 228). Where a deed has been properly executed and recorded, it is prima facie evidence of its delivery; and in the absence of rebutting proof, such record is sufficient to prove the delivery of the deed. *Mays* v. *Fletcher,* 137 *Ga.* 27 (2) (72 S. E. 408). No question is raised as to the improper execution or record of the deed in question; and therefore the presumption is that it was delivered, and there is no evidence in the record rebutting that presumption.

■ Another ground of the motion complains that the court erred in directing a verdict finding the property in controversy not subject to the fi. fa., when there was an issue of fact that should have been passed upon by the jury, in that the evidence as a whole disclosed that the deed made in 1879 by Mrs. Eliza A. Quinn to M. M. Quinn et al. was never delivered; that possession of the property in question was never delivered to the grantees in the deed; that the possession of said property and control of the same was retained in Eliza A. Quinn during her life; that prior to her death, the deed having been taken from her possession and burned by her husband, she conveyed the lands in question to Catherine Quinn, the defendant in fi. fa.; that Catherine Quinn had her deed recorded, made valuable improvements upon the property, and is still in possession thereof; that the evidence showed that the claimants all knew that Catherine Quinn was in possession of the property, paying taxes thereon, cultivating the land, working the turpentine, and otherwise using the property as her own; that they made no objection to her or any one else, gave no one notice of their claim of right or title for a period of twenty years; that thereby their acts and conduct were such as to create an issue of fact for the jury, as to whether or not they put Catherine Quinn in position to perpetrate a fraud upon the plaintiff in fi. fa., under the admissions of the claimants, and

under the undisputed evidence that on the strength of the belief of the plaintiff in fi. fa. that this property was the property of the defendant in fi. fa., it extended credit to her and sold her large amounts of fertilizer for which it holds judgment against her. We are of the opinion that the evidence demanded a verdict for the claimants to a three-fourths of the land in controversy, and that the court did not err in so directing. The deed purporting to convey the property in controversy from the children of Mrs. Eliza A. Quinn back to their mother was conclusively shown to be a forgery as to all the children except J. C. Quinn; and this being so, the deed would not place the title back in Mrs. Eliza A. Quinn, and therefore she had only a life-estate in the property and a one-fourth interest conveyed by J. C. Quinn.

Furthermore, the deed from Mrs. Eliza A. Quinn to Mrs. Catherine Quinn, purporting to convey title to the land in controversy, was void for the reason that it purported to convey "289 acres, more or less, of lot 319, second district of Jeff Davis County," and gave no other description; and it is impossible under that description to locate or identify the land referred to. This deed is therefore too indefinite to pass title. Neither would possession of the property in controversy alone avail to convey the title to Mrs. Catherine Quinn, for the reason that the evidence disclosed that the transaction involving the conveyance of the land to her was handled by J. C. Quinn as agent for his wife, and the entire transaction originated in actual fraud on his part; and therefore no possession originating in fraud could avail to ripen possession into a prescriptive title. Civil Code (1910), § 4169. Therefore the plaintiff in fi. fa. can not rely upon the fact of legal title being in the defendant in fi. fa., for the purpose of making the land subject to the fi. fa. issued against Mrs. Catherine Quinn. It does not appear from the evidence that the claimants had any connection with or notice or knowledge of the existence of such fraud. The claimants being tenants in common with their brother, J. C. Quinn, they are not bound by the conduct of the defendant in fi. fa., or her agent, J. C. Quinn. The evidence does not disclose that the claimants had done anything, either by silence or otherwise, to authorize any one to assume that they had no title to the land in controversy. They testified that they did not know that the purported deed from themselves and their

brother back to their mother had been forged in their names; and that they did not know that the defendant in fi. fa. was claiming any right or possession, except that as a tenant in common with them. They did not know that the title to the entire property was in her, or any portion of it. She was on the place with her husband, and claimants had a right to assume that defendant's husband was in possession under the deed made to the four children as tenants in common. They also testified that they did not know the property was being mortgaged by the defendant in fi. fa., or her agent, until just prior to the present suit. From the entire record we conclude that no legal verdict could have been rendered except that directed by the judge in favor of the claimants for three fourths of the property in controversy; and that no error appears in the admission of evidence.

*Judgment affirmed. All the Justices concur.*