McCRANIE *et al. v.* COBB.

No. 8459.   FEBRUARY 12, 1932.

374

*H. W. Nelson* and *J. P. Knight,* for plaintiffs in error.

*C. E. Parrish* and *Wilcox, Connell & Wilcox,* contra.

RUSSELL, C. J. (After stating the foregoing facts.) Cobb obtained a judgment against McCranie on November 23, 1927, and fi. fa. issued thereon the same day, for $736.23 principal, besides counsel fees and costs. This fi. fa. was not turned over to the sheriff to make search for property, as is the duty of that officer,

and to enter upon the execution a return of nulla bona in case the officer's search for leviable property is fruitless. Instead of this, Cobb, on August 28, 1928, filed an equitable petition asking to set aside a voluntary conveyance which had been made by Mc-Cranie to his wife in consideration of his wife having assumed the outstanding indebtedness against the farm, amounting to $7200, claiming that this deed should be set aside as having been made for the purpose of hindering, delaying, and defrauding his credit-ors. The petitioner prayed that the deed be set aside and declared void by proper order of the court, to such extent that petitioner's judgment can be enforced against the lands. It appears from the record that McCranie "had" (or was in possession of) a home in Adel, where all parties reside, which is worth, by the admission of the petitioner, $2000 to $2500. Upon the trial the jury found in favor of the plaintiff, and that the deed from McCranie to his wife be canceled. The court entered a decree declaring the conveyance void and setting it aside.

■ Pretermitting the usual three general grounds of the motion for new trial, the first special ground complains that "There is no evidence whatever showing insolvency on the part of W. J. Mc-Cranie at the time of the making of the deed to Mrs. Bessie Mc-Cranie, his wife, but, on the contrary, the evidence on behalf of the plaintiff as well as that of the defendants shows that W. J. McCranie owned a home in the city of Adel, out of which plaintiff's debt could have been realized, worth many times the amount of the debt of the plaintiff, and there is no evidence that W. J. McCranie then owed any indebtedness except the indebtedness to the plaintiff." The second special ground complains of error in the charge of the court, the error alleged being based on the absence of proof showing the insolvency of W. J. McCranie, since it is always error to charge the jury upon facts dehors the record because not having been proved or put in evidence. The first question which will arise in this case is whether there is any evidence which shows that W. J. McCranie was insolvent or was rendered insolvent by the execution of the conveyance to his wife, or whether, though the defendant was in debt at the time, the execution of the deed to his wife did not make him insolvent, and the circumstances were such that the deed is valid and binding even as against existing creditors. In *Cohen* v. *Parish,* 105 *Ga.* 339, 347

(31 S. E. 205), Mr. Justice Little, delivering the opinion of the court, said: "While, therefore, this rule of law that every voluntary conveyance, not for a valuable consideration, made by a debtor insolvent at the time of its execution, shall be void as against creditors, and that every conveyance made by a debtor, whether solvent or insolvent, with intention to delay or defraud creditors, and such intention known to the party taking, shall likewise be void, is mandatory and admits of no exception (King v. Poole, 61 Ga. 374), yet it is well settled that a person may, though in debt at the time, make a voluntary conveyance under such circumstances as that it will be valid and binding even as against existing creditors. In the case of Clayton v. Brown, 17 Ga. 220, the court, referring to this question, said: 'Far be it from us to controvert the rule that a gift or conveyance, founded merely upon a good consideration, such as blood or affection, may not be set aside by creditors, if it appear that the grantor was in embarrassed circumstances when he made it. For it has been well said that a man must be just before he is generous; and that he is bound . . to pay his debts before giving away his property. Still we do maintain that the mere fact that a man is indebted at the time will not render his gift, ipso facto, void'; in support of which many authorities are cited. In the case of Weed v. Davis, 25 Ga. 684, the rule is laid down that: 'A person, though in debt, may in good faith make a voluntary conveyance of a part of his property, if the part which he retains is amply sufficient to pay his debts.' So in the case of Brown v. Spivey, 53 Ga. 155, it was held that a voluntary conveyance made by a husband solvent at the time, to his wife and children, was binding as against creditors. The same principle was recognized in Trounstine v. Irving, 91 Ga. 92 [16 S. E. 310], and many other of our reported cases." In view of the undisputed evidence that the grantee in this case had no knowledge of the indebtedness to the plaintiff, or of any indebtedness except that evidenced by the security deeds the payment of which she assumed, that no motive for hindering, delaying, or defrauding creditors of McCranie was disclosed by the evidence, the plaintiff himself testifying that McCranie had other property in Adel, more than sufficient to have discharged a debt twice as large as that owed to him by McCranie, which so far as appears from the evidence was unencumbered, we are of the opinion that

the finding of the jury that the deed should be set aside because it had been made to hinder, delay, or defraud creditors was unwarranted, and that the verdict, not having sufficient evidence to support the finding, is also contrary to law.

■ We are also of the opinion that the verdict and the decree of the court thereon are contrary to law, in that the jury found that the deed from McCranie to his wife should be wholly canceled. There is no prayer in the petition that the deed be canceled. To the contrary, the prayer is that "the deed referred to be set aside and declared void by the proper order of this court, to such extent that the judgment of petitioner can be enforced against the said lands." Therefore it is plain that the verdict and decree are in conflict with the holding of this court in *Tufts* v. *DuBignon,* 61 *Ga.* 322, and *McDowell* v. *McMurria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155), in which latter case this court held: "A deed made to defraud creditors, though void as to them, is good between the grantor and grantee, and the former after executing such deed has no title to the property thereby conveyed, and therefore can not have the same set apart and exempted as a homestead under the laws of this State. 'In attempting to place his property beyond the reach of his creditors, he has placed his exemption beyond his own reach.'" In delivering the opinion of the court Mr. Justice Little said: "It may, however, be said that the provisions of section 2695 of the Civil Code [Code of 1910, § 3224], which is as follows: 'The following acts by debtors shall be fraudulent in law against creditors *and others,* and as to them null and void, viz.: . . 2. Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description, had or made with intention to delay or defraud creditors, and such intention known to the party taking,' etc., contemplates and declares that such instruments shall be void as to other persons besides creditors, and that such words are broad enough to cover the parties to the instrument. A brief history of this section of the Code will be sufficient to demonstrate that the parties to the instrument are not by law included in the use of the words. Prior to the adoption of the Code of 1863, the validity of conveyances made to defraud creditors was determined by the act of 13th Elizabeth. When that code was adopted, however, such convey-

ances were declared null and void simply as to creditors (§ 1954). The same restriction was made by section 1942 of the Code of 1868, and by section 1952 of the Code of 1873. While this provision of the Code of 1873 was in force, this court had under consideration the case of *Westmoreland* v. *Powell*, 59 *Ga.* 256. There, Powell sued Westmoreland to recover damages for a trespass. The suit resulted in a judgment in favor of Powell, and the execution issued thereon was levied on property conveyed by the defendant in the suit to Westmoreland as trustee, for the benefit of the wife and children of the grantor. A claim was interposed by the trustee, and it was contended that the deed made to the trustee was made to hinder, delay, and defraud Powell; and the question arose whether Powell was such a creditor as rendered the deed made for that purpose void as to him. In considering the question, this court held that the statute of 13th Elizabeth was not repealed by section 1952 of the Code of 1873, but that such statute was in force in this State. The statute of 13th Elizabeth (Schley's Digest, 214), declares that conveyances made for the purpose and with the intent to delay, hinder, or defraud creditors *and others* of their just and lawful actions, suits, debts, accounts, damages, etc., are void. Following this decision, the compilers of the Code of 1895 added to the section found in the Code of 1882 the words 'and others,' thus making our present Code read that such acts by debtors are fraudulent only against creditors and others and as to them null and void. The term 'and others,' found in this section, simply means to include with creditors such persons, other than creditors, who have any rightful claim or demand against the grantor for which such person is entitled to have a judgment in any court of law or equity. A clear enunciation of the statute of 13th Elizabeth is that such conveyances are void only as to such persons. These being the provisions of our statute, and there being no rule of the common law which declared conveyances made to hinder or delay creditors void, it would seem scarcely necessary to cite authority to support the doctrine that such conveyances are not invalid between the parties to the instrument. Mr. Bump in his treatise on Fraudulent Conveyances (4th ed.), § 432, declares: 'The statute was designed solely to protect the rights of creditors, and consequently it renders a fraudulent transfer void only as against them, and makes no provision whatever in regard

to its effect between the parties.' In section 433 of the same work, the author declares that 'A fraudulent transfer is good as against the grantor, his heirs, executors, administrators, parties claiming under him, and his agents, vendees, and grantees.' See also § 449. Our own court has recognized this well-established rule in a number of cases. In that of *Bush* v. *Rogan*, 65 *Ga.* 320 [38 Am. R. 785], it is held: 'Though a deed be made to defraud creditors, neither the vendor nor those in privity with him will be allowed to set up this fact to defeat an action of ejectment brought by the vendee. The deed is good as between the parties thereto and those in privity with them, though void as to creditors.' See also *Parrott* v. *Baker*, 82 *Ga.* 364 [9 S. E. 1068]; *Tufts* v. *DuBignon*, 61 *Ga.* 322; *Fouché* v. *Brower*, 74 *Ga.* 251." The same principle has been ruled in *First National Bank* v. *Colonial &c. Ins. Co.*, 160 *Ga.* 166 (2) (127 S. E. 455), and *Bank of Wrightsville* v. *Powell*, 163 *Ga.* 291 (2) (135 S. E. 922).

As the case is remanded for another trial, and the remaining assignments of error are not likely to recur upon another hearing, they will not at this time be considered.

*Judgment reversed. All the Justices concur.*