## WATERS *v.* WATERS.

No. 14392.   January 13, 1943.

*M. W. Eason* and *R. N. Odum,* for plaintiff in error.
*P. M. Anderson* and *C. L. Cowart,* contra.

JENKINS, Justice. ■ On the one issue made by the defendant's pleadings as to whether his deed to the plaintiff had been delivered, the verdict was authorized by the evidence, not · only under the presumption of delivery from the recording of the instrument (*Stinson* v. *Daniel,* 193 *Ga.* 844, 849, 20 S. E. 2d, 257, and cit.; *Bracewell* v. *Morton,* 192 *Ga.* 396 (2, 3), 15 S. E. 2d, 496), but by testimony of the wife that the husband gave the deed to her, that she kept it in her trunk and in a wardrobe drawer until their separation, and that she did not take it with her because of her haste in getting away after his cruel treatment. There was other evidence indicating a delivery, as set forth in the statement of facts.

■ While the only issue under the pleadings was whether the deed had been delivered, the defendant excepted to the charge quoted in the statement of facts as to the fraudulent character of the defendant's conveyance, on the ground that it was unauthorized by any. evidence. This charge set forth no erroneous principle of law, and the record does not sustain the contention that the instruction as given was not authorized by the evidence.

(*a*) · "Every conveyance of real or personal estate, by writing or otherwise, had or made with intention to delay or defraud creditors, and such intention known to the party taking, is void as to creditors of the maker;" and "Every voluntary deed or conveyance, not for a valuable consideration, made by a debtor insolvent at the time of such conveyance, is likewise void against creditors of the maker;" but these conveyances, "though void as to creditors and the other persons designated, are good between the parties." *Gunn* v. *Chapman,* 166 *Ga.* 279 (142 S. E. 873), and cit.; *Jones* v. *Dougherty,* 10 *Ga.* 273 (5); *Beale* v. *Hall,* 22 *Ga.* 431 (8); *McDowell* v. *McMurria,* 107 *Ga.* 812, 814 (33 S. E. 709, 73 Am. St. R. 155); *Flannery* v. *Coleman,* 112 *Ga.* 648, 650 (37 S. E. 878); *Boswell* v. *Boswell,* 147 *Ga.* 734 (95 S. E. 247); Code, § 48-104. "Though a deed be made to defraud creditors, neither the vendor nor those in privity with him will be allowed to set up this fact to defeat an action of ejectment brought by the vendee. The deed is good as between the parties thereto  . ., though void as to creditors." *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785). While "an executory contract  . . may  . . be impeached by the vendee,  . . if shown to be directly connected with the fraudu-

lent scheme in which the deed originated," the parties "being in pari delicto, and the conveyance being an executed contract, the vendor can not impeach it as a muniment of title in the vendee, whether possession of the land has been delivered under it or not, nor whether the vendee really paid [any] recited purchase money or not. The vendor is estopped." *Parrott* v. *Baker*, 82 *Ga.* 364 (4), 371-374 (9 S. E. 1068), and cit. Therefore, as the judge correctly charged, the husband could not attack as fraudulent his voluntary deed to the wife, even though it may have been executed to hinder, delay, or defraud his creditors, and whether or not she had knowledge of such an intention.

(*b*) While it was inaccurate for the judge to charge the jury that it was their duty to pass upon the question as to whether the defendant had a fraudulent purpose and intent when he made the deed, this inapt instruction seems to have been completely nullified by what was said in connection therewith, to the effect that it made no difference, so far as the rights of this plaintiff and defendant were concerned, whether the defendant's purpose was fraudulent or not. Accordingly, if, as contended, the injection of the question of a fraudulent intent in the conveyance was unauthorized by the evidence, it tended to militate against the interests of the plaintiff grantee just as much or more than it did against the present movant. If the deed was delivered and was not fraudulent, it would be good. If the deed was delivered and was fraudulent, under the instruction given it still would be good as far as the rights of the plaintiff and the defendant were concerned. In submitting to the jury the question as to a fraudulent intent, the judge in so charging expressly conditioned their finding on a further finding that the deed "was delivered," and plainly and emphatically told the jury, "But remember, before [the wife] would have any title at all, you would first have to find that this deed was delivered to her." Therefore, construing together all of the instruction complained of, it was not erroneous as a matter of law.

Had not the defendant himself by a portion of his testimony made it appear that the deed was executed to hinder, delay, or defraud creditors, and had the record failed to show any other evidence as to fraudulent intent, nice questions would arise as to whether the instruction as given was erroneous in that its language was calculated to inflame and prejudice the minds of the jury

against the defendant; and whether the assignment of error as made was sufficient to raise that particular point, or would be limited to the point specifically stated, that said charge "is error for the reason that there was no evidence to warrant the court in charging the jury *on the subject*" of fraudulent intent, so as to invoke an application only of the general rule relating to legal prejudice from a charge unsupported by evidence, that "An instruction to the jury that is unauthorized by the evidence is erroneous, and, if it is not apparent that the jury could not have been misled thereby, is cause for new trial." *Citizens & Southern National Bank* v. *Kontz,* 185 *Ga.* 131 (6), 148 (194 S. E. 526), and cit. In view of the fact, however, that the defendant himself by a portion of his own testimony appeared to have set up a new and additional, though unpleaded, defense, with additional testimony to like effect, to all of which there was no objection, the judge did not err, but very properly charged the jury as to the legal effect of such evidence; since it is well settled, not only as to a petition but as to an answer, that where evidence setting up an unpleaded contention, defense, or issue is allowed to go to the jury without objection, the court may without error charge the law on that subject. *Mickle* v. *Moore,* 193 *Ga.* 150 (3), 155 (17 S. E. 2d, 728), and cit.; *Freeze* v. *White,* 120 *Ga.* 446 (47 S. E. 928); *Central Railroad & Banking Co.* v. *Attaway,* 90 *Ga.* 656, 659 (16 S. E. 956), and cit.; *Tietjen* v. *Dobson,* 170 *Ga.* 123, 125 (152 S. E. 222, 69 A. L. R. 1408); *Howard* v. *Ga. Ry. & Power Co.,* 35 *Ga. App.* 273 (6) (133 S. E. 57); *Georgia Railway & Power Co.* v. *Belote,* 20 *Ga. App.* 454, 457 (93 S. E. 62); *Gainesville &c. R. Co.* v. *Galloway,* 17 *Ga. App.* 702 (4) (87 S. E. 1093); *Wilson* v. *Ray,* 64 *Ga. App.* 540 (3), 546 (13 S. E. 2d, 848). The basis of this principle is that if there had been an objection to the testimony, on the ground that it was unauthorized by the petition or answer, the pleading might have been so amended as to meet such ground of objection.

*Judgment affirmed. All the Justices concur.*