## 18457. PATTERSON v. PATTERSON.

HAWKINS, Justice. W. O. Patterson filed, in the Superior Court of Newton County, Georgia, on November 20, 1952, his petition against Martha Elizabeth Patterson, his daughter, and William Henry Patterson, his son, seeking cancellation of a deed, which he executed on August 10, 1932, and filed for record on August 12, 1932, to certain real estate in the City of Covington, Newton County, Georgia, in which deed the grantor purported to convey said property to his children, reserving to himself a life estate, but which deed the plaintiff claimed was never in fact delivered to either of his said children; but that he, the grantor, had retained possession of said deed, which is still in his possession. Since the date of the filing of said suit, the son, William Henry Patterson, made a deed of conveyance back to his father, for his half of this property, and the case as to him was dismissed on motion of counsel for the plaintiff. The defendant Martha Elizabeth Patterson answered, claiming that she still owned one-half of the remainder interest in said property. This issue was submitted to a jury, and a verdict was returned in favor of the defendant. The plaintiff filed a motion for new trial on the general grounds only, which was overruled, and the exception is to this judgment. Counsel for the plaintiff in error states in his brief that the only issue in the trial before the jury was whether or not the deed was ever delivered. *Held:*

1. "An instrument drafted in the form of a deed, declared to be a deed in

the body thereof, attested as a deed, and containing a reservation of a life-estate to the grantor, is to be construed as a deed passing title in praesenti, with the right of possession postponed until the grantor's death." *Mays* v. *Fletcher,* 137 *Ga.* 27 (1) (72 S. E. 408).

2. "The record of a properly executed deed is prima facie evidence of its delivery, and in the absence of rebutting proof such record is sufficient to prove the delivery of the deed." *Mays* v. *Fletcher,* 137 *Ga.* 27 (2), supra.

3. "The mere retention of the deed by the grantor is insufficient to overcome the circumstances which afford an inference of the delivery in this case, and especially so where the grantor reserved a life-estate to himself." *Chattahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801 (2) (151 S. E. 496).

4. "The fact that the grantor had this deed recorded created a presumption that it was delivered, and that presumption was not overcome by any evidence submitted." *Henderson* v. *Kemp,* 155 *Ga.* 489 (2) (117 S. E. 244).

5. "It is not essential to the delivery of a deed that the grantee be present, personally, to accept the same." *Wellborn* v. *Weaver,* 17 *Ga.* 267 (8).

6. "Where the grantor gave in the lot conveyed for taxation as the property of the grantee for several years succeeding the execution of the deed, this was a strong manifestation of the grantor's understanding that he considered the deed delivered and the title conveyed." *Ross* v. *Campbell,* 73 *Ga.* 309.

7. "When there is any evidence as to the delivery of a deed, it is a question of fact for the jury, and not a question for the court to decide, whether there has been delivery of the deed." *Whiddon* v. *Hall,* 155 *Ga.* 570 (5) (118 S. E. 347).

8. Applying the foregoing principles of law to this case, in which the plaintiff testified: "I have two children, one born in 1924 and one born in 1928. Along about the time they were five or six years of age I purported to make them a deed to some property here in town. . . I thought I would make the deed to William and Martha, and I did. . . I had it recorded downstairs. At the time I made this deed in 1932, one of the children was eight and the other one was four. . . I know what it means when you put a deed on record. As to why I put it on record, I just figured that was the thing to do. . . When I gave these taxes in I gave them in in the name of William and Martha. I gave them in in Martha and William Patterson's name because I had made out a deed in their name"—the jury was authorized to return a verdict for the defendant.

*Judgment affirmed. All the Justices concur.*

Argued January 12, 1954—Decided February 9, 1954.

*Emmett O. Dobbs, Jr.,* for plaintiff in error.
*Vaughn & Barksdale,* contra.