### 19183. FULLER v. FULLER, Administratrix.

DUCKWORTH, Chief Justice. 1. The registration of a properly executed deed is prima facie evidence of its delivery. *Fletcher* v. *Horne,* 75 *Ga.* 134; *Lowery* v. *Lowery,* 150 *Ga.* 324, 326 (103 S. E. 813); *Whiddon* v. *Hall,* 155 *Ga.* 570, 577 (118 S. E. 347).

2. Where, as here, the brief of evidence discloses that the security deeds in question were duly witnessed—reciting delivery—and properly recorded, this was presumptive evidence of their delivery, and while the testimony by the administratrix of the estate of the grantor therein that she had been her deceased husband's bookkeeper, that the deeds had never been delivered to the grantee, that after they were made she recorded them and thereafter kept them in her possession and had them in her possession at the trial, that the grantee had stated on several occasions that they were no good and he would give her a quitclaim deed—which he denied—and that the grantor and since his decease, she, as administratrix, had been in possession of the property, this was rebuttable evidence and an issue of fact was thereby made, and it was the sole province of the jury to decide this issue. *Wellborn* v. *Weaver,* 17 *Ga.* 267 (13) (63 Am. D. 235); *Morris* v. *Morris,* 171 *Ga.* 642 (156 S. E. 256); *Daniel* v. *Stinson,* 179 *Ga.* 701 (177 S. E. 590); *Allen* v. *Bemis,* 193 *Ga.* 556 (19 S. E. 2d 516). It follows that the court erred in directing the verdict for the plaintiff, hence the motion for new trial should have been granted.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 9, 1956—DECIDED FEBRUARY 15, 1956.

*J. T. Thomasson, James T. Thomasson, Jr., Reuben A. Sumner,* for plaintiff in error.

*A. W. Birdsong, Jr., J. R. Terrell, Jr.,* contra.