19477. FULLER *v.* FULLER, Administratrix.

Argued September 11, 1956—Decided January 14, 1957—
Rehearing denied March 13, 1957.

*Reuben A. Sumner, Thomasson & Thomasson,* for plaintiff in error.

*A. W. Birdsong, Jr., Richter & Birdsong, J. R. Terrell, Jr.,* contra.

Head, Justice. The petition of Mrs. Jean Fuller, administratrix of Bryant Fuller, against J. D. Fuller, sought the cancellation of two deeds to secure debt, one executed in 1937, and the other in 1940, by Bryant Fuller to J. D. Fuller. This is the third appearance of the case in this court.

In *Fuller* v. *Fuller*, 211 *Ga.* 201 (84 S. E. 2d 665), it was held that the petition, which alleged that the deeds were executed without any consideration and had never been delivered to the grantee, and that the defendant had never been in possession of the properties described in the deeds, stated a cause of action as against general demurrer, although it was alleged that the grantor executed the deeds for the purpose of hindering, delaying, and defrauding his creditors.

On the first trial of the case, the trial judge directed a verdict for the plaintiff. This court held that the defendant's motion for new trial should have been granted, since there was an issue of fact which should have been decided by the jury. *Fuller* v. *Fuller*, 212 *Ga.* 202 (91 S. E. 2d 519).

The second trial of the case resulted in a mistrial. The defendant thereafter filed his motion for a judgment in accordance with his motion for a directed verdict in favor of the defendant, made at the conclusion of the evidence, and this motion was denied. The exception here is to that judgment.

On direct examination, the plaintiff's testimony was substantially the same as her testimony on the former trial. She testified that she is the widow of J. D. Fuller; that both of the deeds to secure debt had been in her possession since they were executed; that they were given to her by her husband and she had them recorded; and that the defendant in her presence had told her husband that there was no consideration for the deeds. There was no cross-examination of the plaintiff on the first trial. On the second trial, she was subjected to extensive cross-examination, and on such cross-examination she admitted that she was not present at the execution of either deed, and therefore could not have had them in her possession from the time of execution. She stated that her husband told her when he gave the deeds to her that no one else had ever had the deeds.

The ruling by this court in *Fuller* v. *Fuller*, 212 *Ga.* 202, supra, that an issue of fact was made by the evidence in the former trial as to the nondelivery of the deeds, is not decisive in the present case as the "law of the case." The testimony of the plaintiff on the former trial which made an issue of fact for the jury was also given in the present case, but the statements of the plaintiff on cross-examination indicated plainly that this testimony was a mere conclusion of the witness, unwarranted by the facts testified to by her on cross-examination. *Farmer* v. *Davenport*, 118 *Ga.* 289 (45 S. E. 244).

The testimony of the plaintiff as to what her husband had told her was hearsay and without probative value. The statements were not against the interest of the deceased, so as to bring them within the exception to the hearsay rule under Code § 38-309.

*Blalock* v. *Miland,* 87 *Ga.* 573, 574 (5) (13 S. E. 551) ; *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862) ; *Hobbs* v. *Houston,* 190 *Ga.* 505 (3) (9 S. E. 2d 749).

The testimony of the plaintiff as to transactions or communications with her deceased husband was incompetent under Code § 38-1603 (1), which provides that: "Where any suit shall be instituted or defended . . . by an indorsee, assignee, or transferee . . . of a deceased person, the opposite party shall not be admitted to testify in his own favor against the . . . deceased person as to transactions or communications with such . . . deceased person . . ." The grantee in a deed from a deceased person is an "assignee or transferee" of the deceased person within the meaning of this section. *Hendrick* v. *Daniel,* 119 *Ga.* 358 (46 S. E. 438) ; *Turner* v. *Woodward,* 136 *Ga.* 275 (71 S. E. 418) ; *Culberson* v. *Everett,* 152 *Ga.* 497 (110 S. E. 275). Testimony affecting adversely the title conveyed by a deed executed by a deceased grantor is testimony "against the . . . deceased person" within the meaning of the section. *Hendrick* v. *Daniel,* supra; *Hendricks* v. *Allen,* 128 *Ga.* 181 (57 S. E. 224) ; *Culberson* v. *Everett,* supra; *Williamson* v. *Williamson,* 176 *Ga.* 510 (168 S. E. 256).

The deeds to secure debt sought to be canceled were duly witnessed, recited delivery, and were properly recorded. These facts raised a prima facie presumption of delivery. *Mays* v. *Fletcher,* 137 *Ga.* 27 (72 S. E. 408) ; *Chattahoochee Fertilizer Co.* v. *Quinn,* 169 *Ga.* 801 (151 S. E. 496) ; *Bracewell* v. *Morton,* 192 *Ga.* 396 (15 S. E. 2d 496) ; *Myers* v. *Phillips,* 197 *Ga.* 536, 541 (29 S. E. 2d 700) ; *Patterson* v. *Patterson,* 210 *Ga.* 359, 360 (80 S. E. 2d 310) ; *Fuller* v. *Fuller,* 212 *Ga.* 202, supra, and cases cited.

With no competent evidence of nondelivery of the deeds, the evidence was insufficient to authorize their cancellation. The lack of possession by the defendant of the properties conveyed by the deeds was consistent with their validity, since they were deeds to secure debt. The petition alleged that the deeds were made for the illegal purpose of hindering, delaying, and defrauding creditors, and the deeds, if properly delivered, could not be canceled on the basis of a failure of consideration. *Fuller* v. *Fuller,* 211 *Ga.* 201, supra.

The trial court erred in denying the motion for a judgment in accordance with the motion for a directed verdict by the defendant. Accordingly, direction is given that, upon the return of the remittitur of this court to the court below, judgment be entered for the defendant in accordance with his motion for a directed verdict. Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 444 (Code, Ann. Supp., § 110-113.)

*Judgment reversed with direction. All the Justices concur.*

## ON MOTION FOR REHEARING.

Counsel for the plaintiff in their motion for rehearing insist that this court has overlooked the fact that the plaintiff testified that she had the deeds recorded, paid the recording fee, picked up the deeds from the clerk, and that she had been in possession of the deeds continuously since they were recorded.

The fact that the plaintiff's testimony (which covers 38 pages of the record) is not set out in full in the opinion will not sustain a conclusion that her testimony in its entirety was not carefully considered. The testimony of the plaintiff on both direct and cross-examination appears in part in the opinion. The plaintiff testified on cross-examination that she was not present at the execution of either deed, that her husband gave the deeds to her and "told me to put it on record," and that her husband told her the deeds had not been delivered.

It appears without dispute from the testimony of the plaintiff that all transactions on her part pertaining to the deeds grew out of conversations she had with her deceased husband. The plaintiff filed her petition to cancel the deeds. She is, therefore, the opposite party to the grantee named in the deeds.

"In an action to cancel a deed and recover land, the opposite party to the grantee of the deed from a deceased person, is not competent to testify in his own behalf to transactions and communications with such deceased person, affecting adversely the title conveyed by the deed; and this is true whether such transactions and communications were had by such deceased person with the party testifying, or with any other person." *Culberson v. Everett*, 152 *Ga.* 497 (110 S. E. 275).

All transactions of the plaintiff pertaining to the deeds in question being based upon, and growing out of, conversations with

her deceased husband, her testimony in relation thereto was incompetent. If the rule were otherwise, and her testimony that she had the deeds recorded on the instructions of her husband had been admissible, there would still be no competent evidence to offset the presumption of the delivery of the deeds.

In *Patterson* v. *Patterson,* 210 *Ga.* 359, 360 (4) (80 S. E. 2d 310), it was held: " 'The fact that the grantor had this deed recorded created a presumption that it was delivered, and that presumption was not overcome by any evidence submitted.' *Henderson* v. *Kemp,* 155 *Ga.* 489 (2) (117 S. E. 244)." See also *Wellborn* v. *Weaver,* 17 *Ga.* 267, 275 (63 Am. D. 235) ; *Harvill* v. *Lowe,* 47 *Ga.* 214, 217; *Bourquin* v. *Bourquin,* 110 *Ga.* 440, 446 (35 S. E. 710) ; *Stinson* v. *Daniel,* 193 *Ga.* 844, 849 (20 S. E. 2d 257).

There is no fact or circumstance appearing from the plaintiff's testimony to refute delivery at the time of execution, except the testimony of the wife as to alleged statements by the deceased husband to the contrary, which testimony, being mere hearsay, was inadmissible for any purpose.

On the first appearance of this case, the contentions of the plaintiff were stated, but the opinion of this court limited the plaintiff's right to attack the deeds to the allegation that there had been no delivery. *Fuller* v. *Fuller,* 211 *Ga.* 201, 203, supra. The plaintiff in her petition (paragraph 16) alleged that the deeds were executed for the sole purpose of avoiding levy and sale by creditors, and she so testified. Where a deed is made to defraud creditors, it is good as between the parties thereto and those in privity with them, though void as to creditors. *Bush* v. *Rogan,* 65 *Ga.* 320 (38 Am. R. 785) ; *McDowell* v. *McMurria,* 107 *Ga.* 812 (33 S. E. 709, 73 Am. St. R. 155) ; *Boswell* v. *Boswell,* 147 *Ga.* 734 (95 S. E. 247) ; *McCranie* v. *Cobb,* 174 *Ga.* 370, 379 (162 S. E. 692) ; *Waters* v. *Waters,* 195 *Ga.* 281, 284 (24 S. E. 2d 20).

The plaintiff having failed to overcome by any competent evidence, the presumption of delivery, she can not obtain relief in a court of equity, even should there be competent testimony that the deeds were, in fact, made to defraud creditors.

*Motion for rehearing denied. All the Justices concur.*