23126. WASHINGTON et al. v. WALKER.

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965—
REHEARING DENIED OCTOBER 19, 1965.

*O. J. Tolnas, George T. Burpee,* for plaintiffs in error.
*Jesse J. Gaines, Rupert A. Brown,* contra.

ALMAND, Justice. We have for review two judgments of the trial court, one denying a motion for a judgment notwithstanding the verdict by the defendant, and the other overruling her motion for a new trial on the general and 12 special grounds.

The major and decisive question here involves the issue as to whether the jury has properly found that there was no delivery of a deed by the grantor to the grantee.

The question for our decision arose on the following pleading and proof: Ben Walker filed his petition against Jessie Mae Washington, Magnolia Watts and another, nonresidents of Georgia. Walker was the surviving husband and sole heir at law of his wife, Essie Walker. It was alleged that at the time of the death of his wife she was the owner of a described tract of land in the City of Athens; that Walker was in possession of said property; that on September 15, 1948, his wife executed a warranty deed to the defendant, Magnolia Watts, in which she conveyed the described property for her life, and at her death to her two named children, the deed to be effective on the death of the grantor. It was alleged that this deed was never delivered in the lifetime of his wife, the grantor; that subsequent to the death of his wife, the deed was recorded and that the wife did not authorize said recordation; that an agent of Watts has instituted a dispossessory warrant proceeding against the plaintiff. The prayers of the petition were for a decree declaring the deed from his wife to Watts to be null and void and to enjoin the dispossessory proceeding.

In their answer the defendants asserted that the deed to the premises in controversy was delivered to Magnolia Watts many years prior to the death of the grantor and she is entitled to the possession of the premises.

On the trial the jury returned a verdict in favor of the plaintiff and the purported deed from Essie Walker to defendant Magnolia Watts was declared to be void.

The motion of the defendants for a judgment notwithstanding the verdict and their motion for a new trial being denied, error is assigned on both orders.

■ (a) There was evidence on the part of the grantee that the deed was delivered to her; there was evidence on the part of the plaintiff that the grantor after the execution of the deed did not ever deliver possession of the deed to the grantee, but put it in a safe in her house and not until after the death of his wife did the defendant Watts obtain possession of the deed—such conflict in the evidence being resolved by the jury in favor of the plaintiff, it will not be disturbed by this court. There was sufficient evidence to support the verdict of the jury that the deed had never been delivered to the grantee. The evidence did not demand a verdict in favor of the defendant, the grantee, and it was not error to deny the motion for a judgment for the defendant notwithstanding the verdict for the plaintiff.

(b) The above ruling disposes of the defendant's motion for a new trial on the general grounds.

■ (a) Grounds 1, 2, 8, 10, and 11 complain of the court's charge on the law relating to the essentials of a delivery of a deed. The charge was full, fair and correct on this issue and in accord with the rules many times spelled out by the decisions of this court in: *Maddox v. Gray,* 75 Ga. 452; *Martin v. Wall,* 141 Ga. 201 (80 SE 629); *Chattahoochee Fertilizer Co. v. Quinn,* 169 Ga. 801 (151 SE 496); *First Nat. Bank of Gainesville v. Harmon,* 186 Ga. 847 (199 SE 223); *Hall v. Metropolitan Life Ins. Co.,* 192 Ga. 805 (16 SE2d 576); *Giuffrida v. Knight,* 210 Ga. 128 (78 SE2d 29); *Patterson v. Patterson,* 210 Ga. 359 (80 SE2d 310) and the many cases collected and examined in *Plowden v. Plowden,* 52 Ga. App. 741 (184 SE 343).

(b) Ground 3 asserts that the court erred in failing and refusing to submit three questions for a special verdict by the jury. This ground asserts that this request was made at the conclusion of the introduction of evidence. *Code* § 37-1104 imposes a duty upon the trial judge to instruct and require the

474

jury to find a special verdict on the facts only where the request is made by a party before the introduction of evidence. The request here was not made in time.

(c)   Grounds 4, 5, 6 and 7 complain of the failure to charge several contentions of the defendants relating to the law concerning the delivery of a deed. As we have pointed out above, the charge on this subject was fair, accurate and complete.

(d)   Grounds 9 and 12 are expansions of the general grounds and are controlled by our ruling on the general grounds.

The court properly overruled all grounds of the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*