■ ANNA WINICK, Appellant, v. ABRAHAM WINICK et al., Respondents. — In an action pursuant to article 15 of the former Real Property Law (now article 15 of the Real Property Actions and Proceeding Law) to compel determination of a claim to real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered January 28, 1965, which, after a nonjury trial, dismissed the action on the merits. Judgment affirmed, without costs. By a deed dated August 8, 1956 and recorded on August 9, 1956, the plaintiff and her husband, also called the decedent, acquired title as tenants by the entirety to a parcel of real estate, a home. On November 28, 1956, the plaintiff and the decedent executed duplicate deeds, conveying title to the two children of the plaintiff and to the two children of her husband, children by prior marriages, reserving to themselves in the deed a life interest in the premises with the right to live therein rent-free. The plaintiff and her husband obtained separate copies of the deed and the plaintiff gave her copy to her brother for safekeeping. On December 16, 1956, the decedent's attorney, at the request of the decedent, recorded his copy of the deed and then returned the recorded deed to the decedent. The decedent died in 1960 and the recorded deed was found in his safe deposit box after his death. The action to compel a determination of claims to real property was brought against the four children, but the plaintiff's two children did not answer, nor does the record indicate whether the plaintiff's children were served. The general rule is that, before a deed becomes effective, there must be a delivery and an acceptance — a giving and an acceptance (*Ten Eyck* v. *Whitbeck*, 156 N. Y. 341; *Buszozak* v. *Wolo*, 125 Misc. 546, 549). The acceptance may be implied where the gift, otherwise complete, is beneficial to the grantee (*Beaver* v. *Beaver*, 117 N. Y. 421, 429; *Spencer* v. *Carr*, 45 N. Y. 406, 410). The general rule is that, for a delivery to be effective, the delivery must be to a third person on behalf of the grantee or to the grantee (*Matter of Malloy*, 253 App. Div. 30, affd. 278 N. Y. 429; *Herrmann* v. *Jorgenson*, 263 N. Y. 348). "While the execution and recording of a deed may give rise to a presumption of delivery and acceptance * * * that presumption is not conclusive and may be repelled by proof of facts inconsistent with the transfer of title * * *. It is the intention of the parties that governs" (*Diamond* v. *Wasserman*, 8 A D 2d 623). "Where the

grantor reserves a life estate in the property and its possession and control, the retention of the deed is not inconsistent with the idea that delivery was intended and that the deed is operative. * * * Such a reservation raises a presumption that the deed is intended to operate immediately as a conveyance of the future estate which is to vest in possession at the termination of the life estate, since there would be no object in reserving a life estate if the deed was not to be effectual as a conveyance or was retained to prevent its taking effect until the death of the grantor" (*Hill* v. *Kreiger*, 250 Ill. 408, 414–415; cf. *Chattahoochee Fertilizer Co.* v. *Quinn*, 169 Ga. 801; *Graham* v. *Johnston*, 243 Iowa 112). Since the decedent recorded the deed and retained possession of the property, having reserved a life interest to himself and to his wife, the possession of the deed and of the land inured to the benefit of the children as remaindermen (*Chattahoochee Fertilizer Co.* v. *Quinn, supra*). In our opinion, by the execution and the recording of the deed and by the decedent's occupying the premises after the deed was recorded, title passed to the defendants, subject to the life interests of the grantors (*Hill* v. *Kreiger, supra*; *Chattahoochee Fertilizer Co.* v. *Quinn, supra*; *Collins* v. *Smith*, 144 Iowa 200; *Payne* v. *Henderson*, 340 Ill. 160; *Graham* v. *Johnston, supra*). Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.