*W. P. Robinson* and *J. S. Ridgdill,* for plaintiff in error.
*E. S. & G. D. Griffith,* contra.

---

EQUITABLE MORTGAGE COMPANY *v.* BROWN.

FISH, J. 1. It is not a valid objection to the allowance of an equitable amendment to a claim at law that it fails to allege the plaintiff in execution had notice of the facts or grounds in such amendment set forth as the basis of the claimant's alleged title to the property in dispute.

2. Delivery is essential to the validity of a deed, and there can be no delivery, after the death of the alleged grantor, of a deed with the possession of which he had never in any manner parted. The charges complained of were in accord with these familiar rules of law, and were not erroneous because the judge failed to instruct the jury upon the subject of registration as presumptive evidence of delivery, it affirmatively appearing that the deed here in question was found among the papers of the deceased person by whom it had been signed and was never recorded until after his death.

3. Numerous grounds of the motion for a new trial allege errors in admitting evidence. They can not be considered, because they fail to state what, if any, objections to this evidence were made when the same was offered at the trial. Allegations in the motion, specifying numerous reasons why such evidence was not admissible, are of no avail when it does not appear that these reasons were submitted to and passed upon by the judge.

4. Upon the main and controlling issue the evidence was conflicting, and a careful examination of the record discloses no reason warranting this court in granting a new trial.

      *Judgment affirmed. All concurring, except Cobb, J., absent.*

      Argued February 23, — Decided March 25, 1898.

Levy and claim. Before Judge Janes. Douglas superior court. May term, 1897.

*Payne & Tye, C. E. Hawker, T. W. Latham* and *W. T. Roberts,* for plaintiff. *L. R. Ray* and *J. S. James,* contra.