ALBRIGHT, administrator, *v.* JONES *et al.*

Although a deed purports to be more than thirty years old and has the appearance of genuineness on inspection, it may nevertheless, after having been introduced in evidence, be shown by any competent evidence to be in fact a forgery.

Submitted October 19, — Decided November 19, 1898. .

Ejectment. Before Judge Butt. Muscogee superior court. May term, 1898.

*Blandford & Grimes,* for plaintiff.
*A. A. Carson,* for defendant.

SIMMONS, C. J. It appears that on the trial of this case, which was an action of ejectment brought against the defendants in error by the administrator of Gideon Jones, the plaintiff closed after making out a prima facie case showing title in his intestate. In resistance to the action the defendants relied upon a deed dated July 2, 1867, and duly attested, from Gideon Jones to their father, under whom they claimed. Upon the introduction by the defendants of this deed, counsel for the plaintiff stated to the court that their client would assume the onus of showing that the deed was a forgery, and would call witnesses to prove that it was; and after the defendants closed their case the plaintiff offered witnesses to prove that the deed was a forgery. The court refused to allow the plaintiff to make such proof, holding that the deed, being thirty years old, proved itself to be genuine, it coming from the proper custody and having no appearance of anything wrong or suspicious on its face. A verdict for the defendants having been returned, the plaintiff brings his bill of exceptions to this court, assigning error upon the ruling above stated. It is true that section 3610 of the Civil Code expressly provides that: "A deed more than thirty years old, having the appearance of genuineness on inspection, and coming from the proper custody, if possession has been consistent therewith, is admissible in evidence without proof of execution." It by no means follows, however, that such an instrument, after being admitted in evidence, may not be shown, by any competent evidence, to be in fact a forgery. On the con-

trary, "That an ancient deed may be attacked, like any other deed, for forgery, is well settled." *Patterson* v. *Collier*, 75 Ga. 427, citing *Mills* v. *May*, 42 Ga. 623, and *Hill* v. *Nisbet*, 58 Ga. 587. To the same effect see, also, *Parker* v. *Waycross & Florida R. R. Co.*, 81 Ga. 387; *Pridgen* v. *Green*, 80 Ga. 738; *Sibley* v. *Haslam*, 75 Ga. 490. Accordingly we hold in the present case that the trial judge committed error in treating the deed in question as conclusive, rather than merely prima facie, evidence of its genuineness.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*