## STEWART *et al. v.* WHITE.

1. Where on the trial of an action brought to cancel a deed as being a forgery it appeared that the deed was signed by mark instead of by the signature of the vendor, and it was shown by evidence that the vendor could write, it was not error, over the particular objections which were urged thereto, to allow the plaintiff to introduce in evidence the original plea, instead of a certified copy thereof, filed in another suit brought against the vendor about the time of the execution of the deed alleged to be forged, with the signature of the vendor affixed to such plea, for the purpose of showing that the vendor could write and that she signed her name in writing and not by mark.
2. The other assignments of error are without substantial merit, and the court did not err in denying the motion for a new trial.

JANUARY 13, 1915.

Cancellation of deed. Before Judge Parker. Coffee superior court. December 30, 1913.

*Lankford & Moore,* for plaintiffs in error.

*O'Steen & Wallace* and *J. W. Quincey,* contra.

HILL, J. This was a suit brought by Mrs. Malinda White in the court below against W. W. Stewart et al., wherein it was sought to cancel a certain timber deed which plaintiff contended was not executed by her, but was a forgery. The trial resulted in a verdict and judgment in favor of the plaintiff for the cancellation of the deed in controversy. The defendants having filed a motion for a new trial, the same was overruled, and they excepted.

1. Error is assigned because the court received in evidence an original plea filed to a suit on a note in the city court of Douglas, in which the First National Bank of Waycross was plaintiff and Malinda White and the Stewart Mercantile Company as indorsers were defendants. The plea was sworn to and signed by Malinda White, and was offered in evidence for the purpose of showing that it was signed by her in her own name and not by mark, as was the case with respect to the deed in controversy. This evidence was

objected to on the ground that if it was offered to show that Mrs. White signed the same in her own hand and did not sign same by mark, then it was not admissible, because it was not submitted to the attorneys for the defendant for examination before the trial of the case began, as required by the statute (Civil Code, § 5836) ; also, because a certified copy of the record from the city court of Douglas is legal evidence, instead of the original record or a part thereof. As against these objections, we think it was proper in this case to allow the original record in evidence, so that the jury could see how Mrs. White signed her name at that time. A certified copy of the plea without the signature affixed manifestly would not show the handwriting of the plaintiff, but the original would. The deed attacked was signed by mark. One of the witnesses in the case testified that the plaintiff could read and write. The original lease (or timber deed) was not offered in evidence at all, one of the witnesses testifying that he had searched for it and could not find it. Therefore there was nothing to compare; and section 5836 of the Civil Code, which provides that other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury, and that such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial, does not apply to a case like the present. The court did not err in admitting the plea, with the signature of the plaintiff affixed, for any of the reasons assigned.

2. The two other special assignments of error are without substantial merit. The verdict was supported by the evidence, and there was no error in denying a new trial.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*