HILL *v.* HILL, administrator.

For a deed to be effective as a conveyance of title to land, its delivery, actual or constructive, during the life of the grantor, is essential.
The court did not err in directing the verdict.

No. 1373. NOVEMBER 14, 1919.

Claim. Before Judge Morris. Cobb superior court. March 13, 1919.

*D. W. Blair,* for plaintiff in error.

*J. Z. Foster, Mozley & Gann,* and *R. B. Blackburn,* contra.

GILBERT, J. John W. Hill made and signed an instrument in the following form: "John W. Hill, for and in consideration of the sum of five dollars and also the love and affection a father bears to his son, in hand paid, the receipt is hereby acknowledged, has granted, bargained, sold, released, conveyed, and confirmed, and by these presences do grant, bargain, sell, release, convey, and confirm unto the said Edward Young Hill, his heirs and assign, all those tractes or parcells of land situated, lying, and being in 20 twenty district and second section of the County of Cobb, formerly Cherokee, in said State, original lots Nombers as follows: Lot Nomber two hundred and seventy-six (276) and two hundred and seventy-seven (277) and Lot Nomber two hundred ninety-four 5 acres; also two seventy-six and two seventy-seven, both containing one hundred and sixty acres each, and two hundred and ninety-four containing 5 five acres, its meats and boun is described, also lot Nomber two

Hundred and fifty-four, the part here conveyed is ninety-four acres, more or less; allso lot Nomber two hundred and fifty-five one hundred and twenty-nine acres; also lot nomber two two hundred and thirty-three containing eighty more or less, Babb Mill place, at his mother's death, together with all and singular the wrights, members, and appurtenances thereof forever in fee simple. Allso the old Haley home in Marietta, now occupied by James Dobbs; allso the J. D. Smith house, now occupied Shugar as a beef market, and the ground on whitch sit all this large estate I deed to Edward, together with all and singular the rights, members, and appurtenances thereof whatsoever to the said lots or parcells of land being, belonging, or appertaining, and the remainder, revissions, rents, issues, and rights, and every part thereof, to have and to hold said tracts or parcells and city lots of land to Edward Young Hill during his natural life, and at his death goe and invests to his children, share each alike, not to be sold nor swoped, but at his death goes to his children; and I, John W. Hill, for my parts, my heirs, executors, adm., will warrent and forever defend the right and titles of said bargained primises unto Edward Young Hill during his life and then to his children forever. In testimony hereof I have set my hand and affixed my seal. May 6, 1884. It dont go into effect to my death and will to correspond with this.      [Signed] John W. Hill (L. S.)

"Signed in presence of: W. J. Eubanks, E. G. Hill."

He also made a will dated May 31, 1884, and afterwards died during the same year. The will was proved in common form on December 8, 1884, and in solemn form on January 5, 1885. The deed was recorded on the affidavit of one of the subscribing witnesses, on January 8, 1885. The sixth item of the will bequeathed all of the property mentioned in the deed to E. Y. Hill, "for and during his natural life, and at his death goes and invests in his children, each to share alike." After the death of his father, E. Y. Hill went into possession of all of the property mentioned in the deed and the sixth item of the will, which is the subject-matter of the case before us. E. Y. Hill died without children in 1918. An order of the court of ordinary issued, authorizing the administrator of John W. Hill to sell the property heretofore mentioned; and Mrs. Tinie Hill, as the sole heir of E. Y. Hill, filed

a claim. There is no evidence whatever of any delivery of, or intention to deliver, the deed during the life of John W. Hill. The case was submitted upon agreed facts; and the court directed a verdict in favor of the administrator against the claimant, for all of the property involved in the case as it comes to this court. Judgment was entered accordingly, and the claimant excepted.

The court committed no error in directing the verdict. Delivery of a deed, actual or constructive, during the life of the grantor, is essential to a conveyance of title. *Baxter* v. *Chapman*, 147 *Ga.* 438 (94 S. E. 544).

The terms of the will authorize the verdict as directed.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent.*