## DANIEL, next friend, *et al. v.* STINSON *et al.*

No. 10478. NOVEMBER 14, 1934.

*Lester F. Watson* and *Blackshear & Blackshear,* for plaintiffs.
*Lawton E. Bracewell* and *Burch & Daley,* for defendants.

GILBERT, J. E. M. Daniel as next friend and natural guardian of his infant son, Monroe Daniel, Aurice Daniel, and Mrs. Lula

Daniel Hooks filed their petition praying that a deed to described land be canceled; and for general relief. The deed was executed by W. J. A. Fuqua to his daughter, Mrs. Alice Stinson. The grantor was in feeble health, having suffered a stroke of paralysis prior to the execution of the deed, and was of the advanced age of 75 years. The deed contained a clause reserving to himself and his wife, Mrs. Lizzie Fuqua, "the right of possession, custody, and control and all profits to be derived from such lands during the natural life" of himself and his wife. The real petitioners were grandchildren of the grantor. Mrs. Lizzie Fuqua was the grantor's second wife, and survived him. It appears without contradiction that in April, 1933, Mrs. Lizzie Fuqua and the grantor, who lived near Dublin, visited the office of an attorney in that city, where the deed was executed. The attorney suggested the propriety of recording the deed, but the grantor did not do so at that time, saying that he was in a hurry to go home, and would "do so later." He died in October of the same year, and the deed was thereafter found in his safe in his home by the grantee, and showed an entry thereon of record by the clerk of the superior court of Laurens County. The grantor remained in possession, and there is nothing to show that Mrs. Stinson ever asserted any interest in the land. There is no evidence in the record tending to show who delivered the deed to the clerk, or by whose authority it was recorded. The petition as amended alleged that the deed was not effective, because it "was never delivered, and the grantee therein, Mrs. Alice Fuqua Stinson, never knew of the existence of said deed until after the death of the said W. J. A. Fuqua, nor was said deed filed for record by W. J. A. Fuqua or any one authorized by him." On the trial the plaintiff duly requested in writing instructions to the jury, as follows: "I charge you, gentlemen of the jury, that where a deed has been properly executed and recorded, it is prima facie evidence of its delivery; and in the absence of rebutting proof, such record is sufficient to prove the delivery of the deed. But if you believe from the evidence that W. J. A. Fuqua did not file or authorize the filing of said deed for record, and that its recordation was procured by or through some one else without his knowledge or consent, then its record would not be evidence of the delivery of said deed; and before said deed could become an effective instrument conveying title to the lands in question, delivery actual or con-

structive to the party named as grantee, or to some duly authorized agent empowered to act for the grantee in receiving same, would have to be shown. I charge you, gentlemen of the jury, that for a deed to be operative and effective it must appear from the evidence that it was delivered, either actually or constructively, in the lifetime of the grantor, to the grantee or some one duly authorized by him to act as his agent in receiving the same; that a deed must be delivered to the party to whom it is made before it becomes effective; that before the deed in question can be effective, it must appear that the grantor parted with possession and control over it to some [one] to hold for the grantee." The court refused so to instruct the jury. After verdict for defendant, the petitioner filed a motion for a new trial on the general grounds and on a number of special grounds. Complaint is made of the refusal of the court to instruct the jury in accordance with the request. The ruling of this court will be found in the headnotes.

*Judgment reversed. All the Justices concur.*