WARD *v.* GERDINE.

No. 11554.   JANUARY 15, 1937.

*Brown & Brown,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.

BECK, Presiding Justice. To a judgment denying an interlocutory injunction, Mrs. A. O. Ward excepted. In her petition it is alleged that she is the owner of an undivided one-fourth interest

in certain real estate fronting on Spring Street and an undivided one-eighth interest in certain property on Peachtree Street, Atlanta. The names of the owners of the remaining undivided interests in the two properties are stated. Petitioner borrowed $3000 from Linton Gerdine on May 30, 1930, and to secure her promissory note given for the loan she executed to Gerdine a deed conveying her undivided one-fourth interest in the Spring Street property. On April 14, 1933, she borrowed $3800 from Gerdine, and to secure her note given for the loan she executed a deed to her one-eighth undivided interest in the Peachtree Street property. She was unable to pay these debts, and Gerdine was proceeding under the power of sale contained in the security deeds to advertise and sell her interests in the two pieces of property. She alleges that if the sale is allowed to be made her interest in the properties will be sacrificed, and that the properties will not bring enough to pay the indebtedness against them, as nobody would buy the two small interests, and Gerdine would bid them in for a grossly inadequate sum; that the Peachtree Street property, if sold as a whole, would bring $65,000, and the entire Spring Street property would sell for $10,500, and her fractional part of these would more than pay her two debts to Gerdine; that another owner of fractional interests in the two pieces of property obtained a loan from Berry Schools, conveying her undivided interests to secure the payment thereof, and Berry Schools intends to foreclose; that if Gerdine and Berry Schools are permitted to foreclose and sell the respective undivided interests, they will be bought in at low prices by Gerdine and Berry Schools; that petitioner has no adequate remedy at law, because the properties are not capable of division by metes and bounds, and they should be sold as a whole. She prays that the court appoint commissioners to sell the properties "so that they will bring the highest possible prices," and distribute among the parties respectively entitled thereto; and that a restraining order issue against Gerdine and his attorneys, to prevent the sale of petitioner's undivided interests.

The only question involved is whether the judge erred in refusing an interlocutory injunction preventing the holder of security deeds to undivided fractional interests from selling those fractional interests under the power of sale contained in these deeds. The only ground alleged in the petition is that a sale of the frac-

tional interests under the powers of sale would bring less than if the interests in the properties are sold under a partition sale, and the proceeds divided. In the brief for the plaintiff reliance is placed on Code sections 37-102 and 37-105. Section 37-102 declares that equity jurisdiction is established "where, from any peculiar circumstances, the operation of the general rules of law would be deficient in protecting from anticipated wrong or relieving for injuries done." Nothing is alleged in the petition to show any "peculiar circumstances" that will cause a court of equity to take jurisdiction in this case and grant a restraining order to the petitioner. This is a plain case of a debt that is past due, where the creditor is trying to avail himself of his securities, and the debtor says that she believes that more can be obtained for the properties if the creditor is prevented from exercising his remedy and another sort of judicial sale is held; that is, a sale under decree for partition. Section 37-105 declares: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose." There seems to be nothing in that section that relates to this case. A number of cases are cited in the brief for the proposition that "the prayer for the injunction in this case was to preserve the status quo, and should have been granted." However, there is no argument whatsoever as to why the status quo should be preserved. An injunction undoubtedly may issue in a proper case to preserve the status quo, but always the propriety of preserving the status must be established. No authority is cited to show that the status quo in this case should be preserved. That is the real proposition which must be established to the satisfaction of the court. No attempt is made by the plaintiff to establish it.

The plaintiff saw fit to mortgage, or encumber by security deeds, her undivided interests in the properties in question here. Her interests are identified by the descriptions in the security deeds, which are the interests on which the grantee in the deeds had a right to rely for the repayment of his loan. A court of equity will not suspend a procedure whereby the grantee is seeking to enforce his right, a right that is not questionable under the facts, at law or in equity. If at a sale of an undivided interest an

amount would not be bid for the property which might be obtained if it were first partitioned and then sold, the plaintiff should have thought of that before creating a specific right in another party. She did not do so, but took the chances of creating a lien on an undivided interest; and the lender has a right to enforce that lien. *Judgment affirmed. All the Justices concur.*