COOPER *et al.* v. LITTLETON, administrator, *et al.*

382

No. 14771.   MARCH 7, 1944.

384

*Beck, Goodrich & Beck,* for plaintiffs in error.
*Christopher & Futral,* contra.

BELL, Chief Justice. A deed to land must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or someone for him. Code, § 29-101. Delivery, actual or constructive, must be made during the lifetime of the grantor. *Baxter* v. *Chapman,* 147 *Ga.* 438 (94 S. E. 544) ; *Ham* v. *Preston,* 164 *Ga.* 682 (3) (139 S. E. 421).

In *Wellborn* v. *Weaver,* 17 *Ga.* 267 (5) (63 Am. D. 235), it was held that a deed delivered to a third person, *as agent of the grantor,* to be kept by him and delivered to the grantees after the grantor's death, was not a present deed of the grantor, and death of the grantor revoked the agency, thus preventing effectual delivery.

In the present case, the grantor mailed the deed to his brother, with a letter stating what should be done with it. This letter showed upon its face that the grantor did not intend to make a present delivery to the brother for the use of the grantor's wife or other grantee, but that he intended for the brother to act as his agent to deliver the deed after his death. Several things were to be done, and they were evidently to be done for the grantor, for he stated: "If anything happens to me, you have this paper recorded at once, and turn over to Stella. If living, mark the envelope so you will know what it is, and take care of it." This language clearly shows an intention by the writer to make the brother *his* agent, rather than to treat him as an agent or trustee

for the grantees. This being true, the agency was revoked by death of the grantor, and authority to deliver the deed was thus terminated. *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (2), 270 (14 S. E. 2d, 874); *Stinson* v. *Daniel*, 193 *Ga.* 844 (2) (20 S. E. 2d, 257); Snodgrass *v.* Snodgrass, 107 Okla. 140 (231 Pac. 237, 52 A. L. R. 1213); 16 Am. Jur. 517, § 143; 26 C. J. S. 247, § 46.

But it is contended that since the grantor left no children, and intended to convey only a life-estate to his wife, the brother to whom the deed was mailed would be one of his "legal heirs," and therefore one of the grantees in remainder. On this hypothesis, it is insisted that the mailing of the deed to this brother constituted delivery to one of the grantees, and made the deed effective. Under the facts of the case, we do not think it necessary to enter upon a construction of the deed, for the purpose of determining the question as to delivery. But see the Code, § 85-504; *Milner* v. *Gay*, 145 *Ga.* 858 (2) (90 S. E. 65); *Lumpkin* v. *Patterson*, 170 *Ga.* 94 (152 S. E. 448); *Lane* v. *Citizens & Southern National Bank*, 195 *Ga.* 828 (25 S. E. 2d, 800); *Guess* v. *Morgan*, 196 *Ga.* 265 (26 S. E. 2d, 424). Even if it might be assumed that the "legal heirs" of the grantor as mentioned in the deed would have included his brothers and sisters, it is still apparent that there was no intention to make a present delivery to or for any of them. In deeds of bargain and sale and in voluntary deeds, the mere manual delivery to the grantee or donee is not sufficient; an intention to surrender dominion must be present. *Story* v. *Brown*, 98 *Ga.* 570, 573 (25 S. E. 582); *Willingham* v. *Smith*, 151 *Ga.* 102, 104 (106 S. E. 117). Under the instructions given in the letter, the brother was not to retain the deed under any circumstances, but he was to do certain other things and finally to turn the deed over to the designated life-tenant. *Hall* v. *Metropolitan Life Insurance Co.*, 192 *Ga.* 805 (16 S. E. 2d, 576); *Stinson* v. *Daniel*, supra; Hotaling *v.* Hotaling, 193 Cal. 368 (224 Pac. 455, 56 A. L. R. 734); 16 Am. Jur. 505-508, §§ 122-126.

In the circumstances, the judge did not err in finding that the deed was never delivered, and decreeing its cancellation.

*Judgment affirmed. All the Justices concur.*