## PARKER *v.* BOYD.

No. 17753.  ARGUED FEBRUARY 11, 1952—DECIDED MARCH 12, 1952— MOTION FOR MODIFICATION OF OPINION DENIED MARCH 25, 1952.

*Hilton & Hilton,* for plaintiff.

*Wm. J. Neville, W. G. Neville, Robert S. Lanier* and *Fred T. Lanier,* for defendant.

WYATT, Justice. ■ (a) The general grounds of the motion for new trial and special ground 5 of the amendment to the motion for new trial, which is an elaboration of the general grounds, raise several questions relative to the sufficiency of the evidence to sustain the verdict of the jury. The first question presented is whether the claimant's undisclosed equity—there being no evidence that the plaintiff in error had notice of her equity before the levy was made—is subject to the lien of the levy.

Code § 8-102 provides for attachment in "all cases of money

demands, whether arising ex contractu or ex delicto . . when the defendant shall have placed himself in such situation as will authorize a plaintiff to sue out attachment." See also *Graves* v. *Strozier*, 37 *Ga.* 32. Code § 8-905 provides that the lien of an attachment is created by the levy, and not the judgment on the attachment. The plaintiff in error contends that, since she had no notice of any claim by the defendant in error until after the levy of the attachment was made, the lien dates from the levy, and she is in the position of an innocent purchaser, and the property levied upon is subject to the lien.

We can not agree that the plaintiff in error is in the position of a bona fide purchaser. In *Burke* v. *Anderson*, 40 *Ga.* 535, it was said: "A judgment creditor is undoubtedly a privy. His only right to any interference turns on his connection with one of the parties. He claims under him, and as a general rule, has only such rights as belong to the debtor. His lien is on the property of the debtor, such property as really belongs to him, and not to such as he only seems to have. He can pursue his rights, in spite of mere nominal titles in others parties. He can go beneath the surface and subject to his debt, in equity, even the equitable rights of his debtor. But he may also be met by equities of other persons. For whilst it is the policy of the law to subject fully the assets of a debtor to the discharge of his debts, it is not the policy of the law to do this with property that only nominally belongs to him, its real equitable ownership resting in others.

"A bona fide purchaser is protected, because his purchase is upon the faith of the apparent rights of the seller. He has acted, paid out his money, upon the apparent facts of the case, as the parties have allowed them to exist. . . A judgment creditor does not stand in this position. His lien does not exist by contract. . . That is an incident attached by law to his judgment. . . It can not, therefore, be said that the right he now sets up is the right of a purchaser of property acquired in good faith, in ignorance of this mistake, for a consideration which he would not have advanced had the mistake never occurred. . . His lien is good as a general rule, upon property to which the defendant has a clear equitable title, and it does not extend to property, when the equitable title is in a third person, though the legal title may be in the defendant."

We have quoted extensively from the above-cited case because the language quoted is determinative of this phase of the instant case. The lien which the plaintiff in error seeks to enforce is not a lien acquired by contract, but is a lien given her by law. She is not, therefore, in the position of a bona fide purchaser, and her lien extends only to the property levied upon which actually belongs to the defendant in attachment. It is therefore not necessary for the defendant in error to prove that the plaintiff in error had notice of her claim to the property before the levy in attachment was made.

(b) The plaintiff in error next contends that the evidence was not sufficient to sustain the verdict of the jury, for the reason that it showed that the defendant in error had ratified the deed of April 3, 1947, and also the deed of February 23, 1950. The plaintiff in error points out numerous acts and omissions which she contends amount to a ratification of the above deeds. The defendant in error contends that these acts and omissions resulted from the same duress that caused the execution of the deeds, and that there was never any intention to ratify the deeds. Whether the acts and omissions complained of were the result of duress, and whether or not there was an intention to ratify the deeds, were questions of fact to be determined by the jury. *Gray* v. *Bass*, 42 *Ga.* 270. The jury in the instant case found in favor of the defendant in error. There was sufficient evidence to authorize this finding.

(c) The plaintiff in error further contends that the defendant in error is not entitled to prevail in her claim because the evidence shows that she has received $950 and certain personal property in a property settlement with C. L. Boyd, dated February 23, 1950, and that she has not offered to restore these benefits to C. L. ·Boyd. Assuming, but not deciding, that the plaintiff in error can raise this question in this proceeding, there is no merit in this contention. The agreement under which the defendant in error received the $950 from her husband, C. L. Boyd, was a separation agreement. It is not that agreement which is sought to be avoided here, although there was evidence that this agreement was also executed under duress. There is no evidence of any benefits that the defendant in error received under the deed of April 3, 1947, or the deed of February 23, 1950. Since the

evidence shows that the defendant in error received no benefits under the deeds she seeks to avoid, there was nothing to restore, and no restoration was, of course, necessary.

(d) The plaintiff in error next contends that the evidence is not sufficient to support the verdict because the evidence shows that the defendant in error was estopped to assert her ownership of the property in question under the doctrine of election of remedies. This contention is based upon a petition for divorce filed by the defendant in error prior to the time she filed her claim in this action, in which she alleged that the property in question was owned by her husband. There is no merit in this contention, for the reason that neither the parties nor the causes of action in the two suits are the same.

■ In ground 1 of the amendment to the motion for new trial the plaintiff in error complains because the trial judge charged the jury that the plaintiff had the burden of proof. The evidence showed without contradiction that the defendant in fi. fa. was in possession of the property levied upon. Therefore, the burden of proof was upon the claimant, and it was error for the judge to place the burden of proof upon the plaintiff. See Code, § 39-904.

■ Special grounds 2 and 3 complain of errors in the charge of the court. Since the errors complained of are such as will not likely occur on another trial, and since the judgment of the court below is being reversed and a new trial must be had, it is not necessary to consider them here.

■ Special ground 4 complains because the trial judge limited the argument by counsel for the plaintiff in error to one hour and seven minutes. The record shows, however, that it was agreed by counsel for both sides and the court, before arguments were begun, that the arguments would be limited to one hour for each side. It was clearly not error for the court to hold counsel to his agreement.

For reasons appearing in division 2 of this opinion, the judgment of the court below must be reversed.

*Judgment reversed. All the Justices concur. Duckworth, C. J., concurs specially.*

DUCKWORTH, C.J., concurring specially. I concur specially because no election of remedy was made in the divorce proceedings.

■

834

I do not concur in the ruling that the parties are different, since, as ruled in division 1 of the opinion, the same parties or their privy are involved.