20609. McCRAY *et al. v.* CAVES.

SUBMITTED SEPTEMBER 15, 1959—DECIDED OCTOBER 9, 1959.

*Gibson & Maddox, George E. Maddox,* for plaintiffs in error.
*C. W. Heath, H. J. Quincey,* contra.

HEAD, Justice. 1. Under the assignment of error in ground 2 of the amended motion for new trial, to the effect that there were issues of fact which should have been passed on by the jury, two questions are presented.

The uncontradicted testimony for the defendant was to the

effect that her former husband did not deliver the deed in question during his lifetime, that it was left with the clerk of the superior court with instructions to deliver it in the event anything should happen to the grantor, and the deed was recorded and delivered by the clerk after the grantor's death. The deed appears to have been entered of record two days after the death of the grantor.

Delivery, actual or constructive, of a deed must be made during the lifetime of the grantor. *Hill* v. *Hill*, 149 *Ga.* 509 (101 S. E. 121) ; *Daniel* v. *Stinson*, 179 *Ga.* 701 (177 S. E. 590) ; *Hall* v. *Metropolitan Life Insurance Co.*, 192 *Ga.* 805, 807 (16 S. E. 2d 576) ; *Cooper* v. *Littleton*, 197 *Ga.* 381 (29 S. E. 2d 606).

"Presumptions in favor of the delivery of a deed arising from its possession by the grantee, its due recordation, its attestation by an officer, and the possession of the premises conveyed under the deed, are evidence of delivery; and, while these presumptions are rebuttable ones, the evidence of an unimpeached witness that the deed was not delivered raises a conflict between such presumptive evidence of delivery and such direct evidence of non-delivery, which can only be decided by the jury, as it can not be said, as a matter of law, that the jury is bound to accept evidence as true, although not contradicted by direct evidence." *Whiddon* v. *Hall*, 155 *Ga.* 570 (6) (118 S. E. 347). See also *Allen* v. *Bemis*, 193 *Ga.* 556, 563 (2) (19 S. E. 2d 516) ; *Stinson* v. *Daniel*, 193 *Ga.* 844, 849 (20 S. E. 2d 257).

If the grantor, Henry F. McCray, intended that the clerk act as his agent for the delivery of the deed, as would appear from the testimony for the defendant, the death of the grantor terminated such agency, thus preventing any valid delivery of the deed. *Cooper* v. *Littleton*, 197 *Ga.* 381, supra. Should a jury find, as the evidence on the present trial would amply authorize, that the deed in question was not delivered during the lifetime of the grantor, the deed would fail as a conveyance of title, and the plaintiffs could not recover. The verdict and judgment in such case, and standing solely on these facts, would simply be one finding for the defendant.

2. The evidence for the defendant (the former wife of the deceased grantor) was sufficient to show that she substantially

paid the purchase price at the time the property was purchased, and that her husband had the deed executed to himself without her knowledge. The uncontradicted testimony shows that she subsequently paid off two deeds to secure debt against the property which had been executed by McCray (former husband of the defendant) ; that one was paid during his lifetime, and the other after his death.

A trust is implied when the legal title is in one person, but the beneficial interest, either from the payment of the purchase money or other circumstances, is wholly or partially in another. Code § 108-106. Under the evidence, the jury would have been amply authorized to find that the defendant was the equitable owner of the property. There were inferences arising under the testimony, however, from which the jury might have inferred that her claim of the property was based upon the deed of her former husband, upon which the plaintiffs rely. Accordingly, the court should have submitted this issue made by the evidence to the jury.

*Judgment reversed. All the Justices concur.*