21954. W. L. SCHAUTZ COMPANY, INC. v. DUNCAN HOSIERY MILLS, INC. et al.

HEAD, Presiding Justice. 1. "Neither laches nor the statute of limitations will run against one in peaceable possession of property under a claim of ownership for delay in resorting to a court of equity to establish his rights." *Sutton v. McMillan,* 213 Ga. 90 (7) (97 SE2d 139); *Shirley v. Shirley,* 209 Ga. 366 (2) (72 SE2d 719); *Toombs v. Hilliard,* 209 Ga. 755 (5) (75 SE2d 801); *Richards v. Richards,* 209 Ga. 839 (3) (76 SE2d 492).

2. The due registration of a deed is presumptive evidence of its delivery, but this presumption is rebuttable. *Lowry v. Lowry,* 150 Ga. 324 (2) (103 SE 813); *Daniel v. Stinson,* 179 Ga. 701 (177 SE 590); *Allen v. Bemis,* 193 Ga. 556 (2) (19 SE2d 516).

3. A court of equity will cancel the record of a deed which was never delivered, where possession of the property remained in the grantor, and the deed was filed for record by mistake of the attorney for the grantor, as between the original parties and their privies in estate, except as against bona fide purchasers without notice.

4. "A bona fide purchaser for value, and without notice of an equity, will not be interfered with by equity." *Code* § 37-111.

5. A judgment creditor does not stand on the same basis as a bona fide purchaser without notice, so as to prevent the cancellation of the record of a deed which was never delivered. *Burke & Anderson,* 40 Ga. 535, 538; *Lowe v. Allen,* 68 Ga. 225; *Wardlaw v. Mayor, Son & Co.,* 77 Ga. 620, 625; *Phillips & Co. v. Roquemore,* 96 Ga. 719 (23 SE 855); *Kerchner & Calder Bros. v. Frazier & Bro.,* 106 Ga. 437, 439 (32 SE 351); *Parker v. Boyd,* 208 Ga. 829, 831 (69 SE2d 760).

730

6. The petition in the present case does not set out facts which show that the doctrine of equitable estoppel should be applied against the petitioner. The case of *Zimmer v. Dansby*, 56 Ga. 79, and other cases dealing with equitable estoppel cited by the plaintiff in error, are not in point on their facts with the present case. If facts exist not appearing on the face of the petition which work an estoppel, such facts are the subject matter of a plea, and can not be invoked by demurrer. *Hirsch v. Northwestern Mut. Life Ins. Co.*, 191 Ga. 524 (6c) (13 SE2d 165).

7. The petition in the present case states a cause of action. The order of the trial judge overruling the general and special demurrers to the petition, the motion to dismiss the petition, and the general demurrer to the intervention was not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963— REHEARING DENIED MARCH 25, 1963.

*Gerstein & Carter, Davis & Freidin*, for plaintiff in error.
*Wright & Reddick, Mixon & Forrester*, contra.
*R. McCormick*, for party at interest not party to record.