22273.   WARD et al. v. WATKINS.

ARGUED JANUARY 15, 1964—DECIDED FEBRUARY 6, 1964.

*Llop & Long, Nick Long, Jr.,* for plaintiffs in error.
*Clifford Oxford, Eugene S. Taylor,* contra.

DUCKWORTH, Chief Justice. The secured note is for $1,000 payable monthly at the rate of $18.88 beginning January 1, 1951, and refers to the security deed to secure the same of even date and contains this provision: "Should any· installment not be paid when due . . . the entire unpaid principal sum evidenced by this note, with all accrued interest, shall, at the option of the holder, and without notice to the undersigned, become due and may be .collected forthwith." The security deed definitely describes the note and contains this clause: "In case this debt is not paid promptly when due, I authorize said second party, its successors or assigns, at option, to sell said described property at public outcry before the courthouse door in DeKalb County, Georgia, to the highest bidder for cash to pay said debt, with interest thereon and expenses of the proceedings." Thus is plainly presented a note which by its terms became due at the option of the holder when an installment was not.paid when due, and the deed securing the same authorizing a sale to pay the debt thus becoming due. There is no dispute in this record

but that the installments were past due; the holder elected to declare the entire debt due, and he exercised the power of sale in conformity with the terms of the deed. This makes a prima facie case of good title in the purchaser at the sale.

Perhaps the petitioner is relying upon a paragraph in *Verner v. McLarty,* 213 Ga. 472, 478 (3) (99 SE2d 890), where, at page 478, it is said: "The deed . . . contains no acceleration clause in case of default of any monthly installment, nor does the deed provide that time is of the essence of the contract. Under these facts, there could be no valid exercise of the power of sale, since the debt was not due and could not properly be declared to be due." We have carefully reviewed that ruling (Division 3). We consider it unsound and expressly disapprove and overrule it. But the case previously pointed out that there had been a mutual departure from the stated time for payment of the installments and no notice of an intention to return to the terms of the note in that respect; also, that the deed required advertisement of the sale for four weeks, which would be 28 days, whereas the advertisement was for only 25 days. These rulings required a holding that an acceleration of the maturity of all payments could not be made because one payment was not made on the date stated in the note, and also that the sale was void for want of advertisement as required by the deed. Under these facts, there could be no valid exercise of the power of sale since the debt was not due and could not properly be declared to be due. We have here a note in plain terms providing for its maturity upon default in any installment payment, and a deed expressly authorizing a sale upon such maturity. The sale under the power conformed to the note and deed and was therefore valid and vested title in the purchaser at that sale.

This ruling renders unnecessary any ruling on the questions raised by the answer, the sustaining of the demurrers to the answer, laches, abandonment of the property, or estoppel by accepting the proceeds from the sale as shown by the defendants. The undisputed evidence demanded a judgment in favor of the defendants, and it was error to render summary judgment in favor of the petitioner.

*Judgment reversed. All the Justices concur.*