28620. DAWSON v. KEITT et al.

INGRAM, Justice.

This is a statutory ejectment case involving a contest between two deeds executed on the same date by the same grantor.

The deed under which the appellees claim title, to the land in Jenkins County described therein, contains this language in the second paragraph thereof: " . . . , a life estate, after the death of the grantor with the remainder interest after the death of the said Matthew W. Sapp to Irene Keitt and Vivian Macon, . . ."; and also provided in the habendum clause as follows: "To have and to hold, the said bargained premises, together with all and singular, the rights, members and appurtenances thereof, to the same being, belonging or in anywise appertaining to the only proper use, benefit, behoof of Matthew W. Sapp, the said party of the second part, after my death, and for and during his natural life and after his death, to Irene Keitt and Vivian Macon, their heirs and assigns, forever, in fee simple." This deed was recorded in the office of the Clerk of the Superior Court of Jenkins County on July 3, 1950.

The deed under which appellant claims title to the land in question was executed by the same grantor (Lillie S. Irby) before the same witnesses to the same grantee (Matthew W. Sapp) without the life estate limitation contained in the other deed but providing that the "Grantor reserves for herself a life estate in all of the land herein conveyed." This deed was recorded in the office of the Clerk of the Superior Court of Jenkins County on April 21, 1953.

The grantor in these two deeds, Lillie S. Irby (later Jackson), died on March 17, 1952. After her death, Matthew W. Sapp took possession of the property and continued to receive the rentals therefrom until he died on June 9, 1972. However, on April 7, 1969, he conveyed the subject property to appellant who has paid the taxes on the property since that time. After the death of Matthew W. Sapp, the appellees claimed title to the land in question.

Both parties based their claim of title upon the respective deeds under which they claim and the trial court found in favor of the appellees who filed this complaint for ejectment against the appellant in the Superior Court of Jenkins County.

The trial court's judgment was based solely on its finding that the deed from the original grantor under which appellees claim title was recorded prior to the deed from the same grantor under which appellant claims title.

The record is silent as to which of these two deeds was executed first. The deed, under which appellees claim, was found among the grantor's personal effects after her death and it was not shown that this deed had been in the possession of anyone other than the grantor although it had been recorded on July 3, 1950. The deed, under which appellant claims, was shown to have been delivered to the grantee therein (Matthew W. Sapp) as early as May 22, 1948. It was seen in the grantee's possession thereafter and was found among his personal effects at the time of his death on June 9, 1972. However, it was not recorded until April 21, 1953.

Appellant relies primarily on the principle of law that "Delivery is essential to the validity of a deed, and

there can be no delivery, after the death of the alleged grantor, of a deed with the possession of which he had never in any manner parted." *Equitable Mortgage Co. v. Brown,* 105 Ga. 474 (2) (30 SE 687). Appellants argue that while delivery is essential to the validity of a deed to land, under Code § 29-101, recording of a deed is not a requisite of its validity and, as between the two deeds here involved, only the deed under which appellant claims was shown to have been delivered by the grantor during his lifetime.

Appellees insist that the evidence requires a conclusion their claim to title is superior to the appellant inasmuch as the deed under which they claim is a prior recorded deed as provided by Code § 29-401. In other words, appellees argue that: "It is not essential to the validity of a deed that it be actually delivered during the lifetime of the grantor. Constructive delivery will suffice. *Wellborn v. Weaver,* 17 Ga. 267, 269 (9) . . . *Baxter v. Chapman,* 147 Ga. 438, 439 (94 SE 544)." *Plowden v. Plowden,* 52 Ga. App. 741, 744 (184 SE 343).

In *Allgood v. Allgood,* 230 Ga. 312 (1) (196 SE2d 888), this court stated: "Delivery of a deed is complete against the grantor when it passes out of his control with the intention that it shall be transmitted to the grantee although it is not received and accepted by the grantee until after the death of the grantor." We believe the trial court correctly determined that appellees' claim to title is the superior claim in this case. There is no evidence in the record to indicate the filing for record of the deed, under which appellees claim, was not done by the grantor or by someone else without the grantor's knowledge or consent. The recording of this deed constituted constructive notice to the world of the grantor's intention to give this deed legal force and effect. Recordation is prima facie evidence of delivery and, where, as here, the evidence fails to show that, in fact, there was no delivery of the earlier recorded deed, it is entitled to priority. See *Daniel v. Stinson,* 179 Ga. 701 (177 SE 590); and *W. L. Schautz Co. v. Duncan Hosiery Mills,* 218 Ga. 729 (2) (130 SE2d 496).

*Judgment affirmed. All the Justices concur.*

Argued February 11, 1974 — Decided March 7, 1974 —
Rehearing denied March 21, 1974.

*J. Ralph McClelland, Jr.,* for appellant.
*J. P. Cheney, Odum & Reeves, R. H. Reeves, III,*
for appellees.