### 30611. CORLEY et al. v. PARSON et al.

HALL, Justice.
Eva Mae Johns Corley and other heirs of G.W. Johns filed suit against the administrator of the estate of J.W.

Johns and the legatees under J.W.'s will. They seek to have title to the 40 acres willed by J.W. to these legatees declared in them. The controversy stems from a 1924 deed from G.W. to J.W., which was not recorded until 1969, long after the death of G.W. in 1941. When J.W. died in 1972, the deed was found in a trunk belonging to J.W. with about $8,000 in old bills. In an earlier appearance of this case, we held that the deed in dispute conveyed title in fee simple upon a limitation, rather than a life estate as contended by the plaintiffs. *Corley v. Parson,* 233 Ga. 845 (213 SE2d 693) (1975). Thereafter, the plaintiffs amended their complaint alleging that the deed was a forgery and had not been delivered. At trial, the jury found that the deed was valid. Plaintiffs appeal. We, however, hold that there was sufficient evidence to support the jury's verdict and affirm the judgment of the trial court.

1. At trial, the deed was admitted into evidence without objection under the ancient documents rule, Code Ann. § 29-112. "A deed more than 30 years old, having the appearance of genuineness on inspection, and coming from the proper custody, if possession has been consistent therewith, is admissible in evidence without proof of execution." The plaintiffs offered no objections or evidence to rebut any of these factors and can not raise them now on appeal.

The plaintiffs, however, rely on the fact that the deed was not recorded until 1969 to show that the deed was invalid because there was no delivery. Ordinarily the recording of a deed is prima facie evidence of delivery. *Daniel v. Stinson,* 179 Ga. 701 (177 SE 590) (1934). This presumption is rebutted when the recording, as in this case, takes place after the death of the grantor, *(Equitable Mortgage Co. v. Brown,* 105 Ga. 474 (30 SE 687) (1898)), as delivery must occur during the grantor's lifetime, *(Cooper v. Littleton,* 197 Ga. 381 (29 SE2d 606) (1944); *Hill v. Hill,* 149 Ga. 509 (101 SE 121) (1919)).

Other presumptions of delivery arise from the recital of delivery in the deed, when the deed is found in the custody of the grantee, and when the grantee has possession of the land. *Whiddon v. Hall,* 155 Ga. 570 (118 SE 347) (1923). The plaintiffs offered no evidence to rebut these presumptions, and the jury was thus authorized, in

weighing all the evidence along with the fact that the deed was recorded in 1969, to find that the deed had been properly delivered. *McCray v. Caves,* 215 Ga. 380 (110 SE2d 655) (1959); *Mays v. Fletcher,* 137 Ga. 27 (72 SE 408) (1911).

The plaintiffs also claim the deed was forged as it was signed "G.W. Johns." They maintain G.W. was illiterate because his will was executed with an "X." However, the defendants produced promissory notes also signed "G.W. Johns" for the limited purpose of showing G.W. could write. In addition, G.W.'s son testified that his father could read and write. There was, therefore, ample evidence for the jury to find that the deed was not forged. *Albright v. Jones,* 106 Ga. 302 (31 SE 761) (1898). Thus we find that plaintiffs' enumerations of error 1 through 4 have no merit.

2. Enumerations 5, 6, and 7 deal with whether the trial court erred in admitting the promissory notes over the objections of the plaintiffs. Code Ann. § 38-709 requires that: "Other writings, proved or acknowledged to be genuine, may be admitted in evidence for the purpose of comparison by the jury. Such other new papers, when intended to be introduced, shall be submitted to the opposite party before he announces himself ready for trial." The promissory notes, dated 1895 to 1924, were admitted as genuine under the ancient documents rule, but were not shown to the plaintiffs' attorney before trial. At the time the defendants sought to introduce them, plaintiffs objected based on the requirements of Code Ann. § 38-709 as set out above. In response, the trial court clearly limited the jury to considering the documents only on the question of G.W.'s literacy, and specifically instructed the jury not to compare the signatures on the notes with that on the deed. These enumerations thus fall squarely within the ruling of *Stewart v. White,* 143 Ga. 22 (84 SE 63) (1914), where we held that a document not previously revealed to the opposite party was admissible for the "purpose of showing that the vendor could write and that she signed her name in writing and not by mark." 143 Ga., Headnote 1. The trial court did not err in admitting the documents for this limited purpose.

In enumeration number 7 plaintiffs contend that the

defendant also should not have been allowed to submit these documents to the jury because they were not disclosed as answers to plaintiffs' interrogatory number 3(a), which stated: "List any or all documents showing that John Walter Johns had any or all documents other than Exhibit 'D' [the deed], that he had fee simple title to original land lot No. 891 containing 40 acres, more or less [sic] . . ." To this part of the question, defendants responded "the original deed . . ." Defendants contend that the series of promissory notes was not evidence of title in J.W., and further that the interrogatories were filed on February 25, 1975, before the plaintiffs amended their complaint to allege forgery on April 4, 1974. Therefore, they were not required to reveal them in response to this question. We agree with defendants. This enumeration, therefore, also has no merit.

There being no merit to plaintiffs' contentions, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 18, 1975 — DECIDED FEBRUARY 24, 1976.

*Strother, Strother & Hicks, Crawford E. Hicks, Glenn H. Strother,* for appellants.

*Fudger & Foster, Arthur W. Fudger,* for appellees.