S93A1351. BRINSON v. McMILLAN et al.
(440 SE2d 22)

FLETCHER, Justice.

Appellees, the heirs of the late Charles McMillan, Jr., claim title to certain tracts of land owned by McMillan when he died intestate in 1988. A title examination revealed an uncancelled deed to secure debt (security deed) from McMillan dated September 9, 1977 conveying the land to Junie B. McMillan, who is now Junie Brinson.[1] After Brinson refused to execute a cancellation order, appellees filed this action seeking to enjoin Brinson from foreclosing the security deed and also seeking cancellation of the security deed. The trial court granted appellees' motion for summary judgment. Brinson appeals and we reverse.

1. A security deed containing an open-end or dragnet clause will continue to be effective so long as an indebtedness arising out of contract between the original parties to the deed continuously exists from the deed's date.[2] *McGlaun v. Southwest Ga. &c. Assn.*, 256 Ga. 648 (352 SE2d 558) (1987); OCGA § 44-14-1.

The body of the security deed describes the secured indebtedness as "one note or any note given in renewal thereof, for $46,000, dated May 27, 1976 bearing interest at 8 percent per annum from date, due upon demand." It also contains an open-end clause securing "any other present or future indebtedness or liability of [McMillan] to [Brinson]." The record contains Brinson's affidavit in opposition to

---

[1] Brinson and McMillan were married in 1969 and were divorced in 1982.

[2] Of course, the security deed ceases to be effective when the power of sale is barred by the statute of limitation. See OCGA § 44-14-80 et seq.

summary judgment and her deposition. She admits that to her knowledge there was never a May 27, 1976 note nor any other promissory note from McMillan to her. She further admits that no note was ever delivered to her. Appellees contend that these admissions entitle them to summary judgment. However, Brinson swears that on both May 27, 1976 and September 9, 1977 McMillan was indebted to her in the amount of $46,000 arising out of contract, that McMillan never repaid any portion of this debt and that his estate now owes her $46,000 plus interest. Because such evidence raises a genuine issue of material fact, the trial court erred in granting summary judgment to appellees.

2. Appellees further contend that Brinson's rights under the security deed are barred by laches. We find that this contention has no merit. Provided the right to foreclose or otherwise recover the land conveyed by the security deed is not barred by the provisions of OCGA § 44-14-83, even if the evidence at trial reveals that an action to collect the debt is barred by the statute of limitation, such would not prevent Brinson from exercising her rights under the security deed. *Sammons v. Nabers*, 186 Ga. 161 (197 SE 284) (1938); OCGA § 44-14-43.

3. Appellees also contend that summary judgment was proper as there has been no delivery of the security deed. Although Brinson does not presently have the original deed in her possession, in her deposition she testified that she went with McMillan when he signed it, then brought it back and had it recorded in Screven County, and then she carried it to the bank and placed it in McMillan's safety deposit box. A copy of the deed in the record indicates that it was delivered in the presence of the witnesses, was properly witnessed to entitle it to record, and was recorded on September 19, 1977. This evidence is sufficient to withstand summary judgment on the issue of delivery. See *Fuller v. Fuller*, 213 Ga. 103 (97 SE2d 306) (1957); *W. L. Schautz Co. v. Duncan Hosiery Mills*, 218 Ga. 729 (130 SE2d 496) (1963).

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1994.

*Dye, Tucker, Everitt, Wheale & Long, John B. Long, John J. Czura,* for appellant.

*Hunter & Hunter, Harry H. Hunter, Hugh T. Hunter,* for appellees.