S07A1823. SHIVA MANAGEMENT, LLC et al. v. WALKER.
(658 SE2d 762)

HUNSTEIN, Presiding Justice.

Appellant Shiva Management, LLC ("Shiva") appeals from the trial court's issuance of an interlocutory injunction prohibiting Shiva from proceeding with a non-judicial foreclosure on certain property

---

[5] OCGA § 14-11-603 (a).

owned in part by appellee Joe D. Walker. For the reasons that follow, we find that the trial court abused its discretion in granting the injunction, and we therefore reverse.

The property at issue is a parcel spanning two lots located on Bouldercrest Drive in DeKalb County (the "Property"). At the time of the relevant transactions, the Property was owned solely by Linda M. Jackson,[1] a companion of Walker, though it appears that Walker was (and still is) residing on the Property. In June 2003, Shiva, a real estate investment firm, agreed to make a $7,000 loan to Jackson, memorialized in a promissory note and secured by a deed to secure debt under which Shiva was granted a second position security interest in the Property. The loan balance, including the principal plus seven percent annual interest, was to be paid in full on or before June 23, 2004. In the event of default on the loan, the security deed grants Shiva an "irrevocable power of attorney[ ] [t]o sell the said property at auction" in accordance with certain specifications as to time, place, and manner. Apparently in connection with the loan transaction, Jackson and Walker entered into a sales contract with William Gottlieb, Shiva's sole owner, agreeing to sell the Property to Gottlieb for $170,000 on or before June 23, 2004.[2] The sales contract states that "time is of the essence" and affords Gottlieb the right of specific performance.[3]

The loan was not satisfied, nor was the sale of the Property closed, by June 23, 2004. In August 2004, Jackson quitclaimed a 50 percent interest in the Property to Walker. In September 2004, Shiva recorded in the DeKalb County real estate records a document entitled "Affidavit — Notice of Contract/Claim of Beneficial Interest Lien," in which Shiva claimed a lien on the Property by virtue of the unsatisfied sales contract, particularly its specific performance clause.[4] In April 2006, Jackson executed a general power of attorney authorizing Walker to handle certain of her personal financial affairs, including real estate transactions.

In March 2007, Walker filed suit against Shiva and Gottlieb for fraud and slander of title, alleging in a verified complaint that the "lien" recorded against the Property was false and, having cast a cloud on his title, has prevented him from taking out further loans

---

[1] According to Walker's filings, Linda Jackson was formerly known as Linda Walker.

[2] The sales contract ostensibly was signed by Gottlieb in his individual capacity, with no reference to Shiva. We note also that Walker, though a signatory to the sales contract, at the time held no ownership interest in the Property.

[3] Walker contends that the specific performance clause as well as an assignment clause, both handwritten in the "special stipulations" section of the form purchase and sale contract, were added unilaterally by Gottlieb and not agreed to by him or Jackson.

[4] The parties dispute whether Shiva or Gottlieb attempted to contact Jackson or Walker either before or after the due date regarding the loan or the sale of the Property.

against the Property. Shiva and Gottlieb answered and filed counterclaims for fraud, conspiracy, breach of contract, and specific performance.[5] Shortly thereafter, Shiva began non-judicial foreclosure proceedings with respect to the Property, issuing a Notice of Sale Under Power stating that the Property would be sold at auction on the first Tuesday in May 2007. Walker then moved for a temporary protective order enjoining the foreclosure sale. After a hearing on the motion, the trial court granted the interlocutory injunction on appeal herein and ordered the parties to court-sponsored mediation.

"The grant or denial of an interlocutory injunction rests in the sound discretion of the trial court. . . . However, where there is no conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law." (Citations and punctuation omitted.) *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987). The evidence relevant to Shiva's right to exercise its power of sale is established by the unambiguous terms of the security deed, which plainly gives Shiva the right to foreclose on the Property in the event the loan was not satisfied in full by the June 23, 2004 maturity date. It is uncontroverted that the loan was not and never has been satisfied. Thus, "[Shiva] is merely exercising a right plainly given by the deed which the grantor executed to [it]." *Tybrisa Co. v. Tybeeland, Inc.*, 220 Ga. 442, 444 (139 SE2d 302) (1964).

We find no merit in Walker's claim that Shiva is estopped from exercising its power of sale due to its allegedly fraudulent effort in September 2004 to cloud the Property's title through the recordation of the "lien." Walker does not assert that Shiva's actions played any role in Jackson's failure to repay the loan on or before its maturity date or in the three months between the maturity date and Shiva's recordation of the "lien."[6] Compare *West v. Koufman*, 259 Ga. 505 (384 SE2d 664) (1989) (where grantee alleged to have induced grantor's default during the term of the loan, such conduct may prevent strict enforcement of power of sale). Any subsequent actions on the part of Shiva that Walker claims have made it harder for him or Jackson to repay the loan are immaterial, as Shiva had the right, under the plain terms of the deed, to exercise its power of sale immediately upon Jackson's default. While Walker contends that the allegedly unlawful "lien" is now preventing him from securing a loan that would enable him to repay the loan from Shiva, Walker's post hoc efforts to satisfy

---

[5] They also sought to join Jackson as an indispensable party.

[6] Even assuming, arguendo, that Walker has any enforceable interest in the Property by virtue of the August 2004 quitclaim deed or the April 2006 power of attorney, he likewise adduced no evidence establishing that he made any timely effort to repay the loan.

the loan are irrelevant to Shiva's right to exercise its power of sale. See *Benton*, supra, 257 Ga. at 673-674 (2) (grantor's good faith efforts to cure default irrelevant to grantee's unambiguous right to exercise power of sale). Accord *West*, supra, 259 Ga. at 505.[7]

"A court of equity will not suspend a procedure whereby the grantee is seeking to enforce [its] right, a right that is not questionable under the facts, at law or in equity." *Ward v. Gerdine*, 183 Ga. 722, 724 (189 SE 588) (1937). Thus, "[b]ecause we have ruled that [Shiva] has the legal right to foreclose, we hold that the superior court abused its discretion in granting the interlocutory injunction." *Benton*, supra, 257 Ga. at 674 (3).

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 17, 2008.

*Richard S. Alembik*, for appellants.
*Ayoub & Mansour, John A. B. Ayoub, John G. Mansour*, for appellee.

---

[7] Though not explicitly raised by Walker, we also note that Shiva is not estopped from now exercising its right to foreclose merely because more than three years have elapsed since the loan's maturity date. See *Brinson v. McMillan*, 263 Ga. 802 (2) (440 SE2d 22) (1994).