## A09A1163. COHEN et al. v. COMMUNITY BANK OF THE SOUTH.

(686 SE2d 792)

PHIPPS, Judge.

Jacob Cohen and Eyal Livnat appeal the grant of summary judgment to Community Bank of the South, which sued Cohen and Livnat to recover the unpaid balance on a promissory note. For the following reasons, we affirm.

Cohen and Livnat, among others, were individual guarantors on the note, who promised payment of the note's balance upon its maturity, and who assumed liability for the borrower's obligations under the note. Upon the borrower's failure to make timely monthly payments under the note, and the guarantors' failure to pay the balance of the note upon its maturity, the Bank executed its right under the note to declare a default and accelerate the balance. The note was secured by real property, and the Bank advertised notice of its intention to exercise power of sale of the property. However, instead of instituting that sale, the Bank sued on the note.

In granting summary judgment to the Bank, the trial court held that suit on the note was a legitimate election of remedies. On appeal, Cohen and Livnat argue that the Bank must mitigate its damages in the event of breach of the terms of the note, and that an issue of fact remains as to whether the Bank did so. They argue that mitigation of damages in this instance mandates the Bank's pursuit of nonjudicial foreclosure sale rather than suit on the note.

On review of a grant of summary judgment, we view the evidence de novo to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1] The note provides for a default where the "[b]orrower does not pay any payment under this [i]nstrument when due," and provides that in the event of default, the Bank has the right to "declare, without notice, all amounts owing . . . to be immediately due and payable" and to "institute legal proceedings against . . . guarantor to collect the amount owed." Cohen and Livnat have not contested the fact that, as guarantors, they were bound by the borrower's liabilities under the note and therefore were in default. Suit on the note was a proper legal course of action.

By contrast, the note lacks any language granting power of sale, and the record is devoid of a security deed which would grant power

---

[1] *Northwest Carpets v. First Nat. Bank of Chatsworth*, 280 Ga. 535, 538 (1) (630 SE2d 407) (2006).

of sale.[2] We cannot read into the note language that does not exist.[3] Consequently, we do not reach the question of whether, when a creditor has power of sale, it must exercise that power to mitigate its damages.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 15, 2009 —
RECONSIDERATION DENIED NOVEMBER 20, 2009.

*Merolla & Gold, Angelo T. Merolla*, for appellants.
*Bailey, Davis, Brown & Sutton, C. Lee Davis*, for appellee.

---

[2] Compare *Shiva Mgmt. v. Walker*, 283 Ga. 338, 340 (658 SE2d 762) (2008) (creditor's right to exercise power of sale is established by unambiguous terms of the security deed which give the right to foreclose on property in the event the loan is not satisfied in full by its maturity date).

[3] *Bostwick Banking Co. v. Arnold*, 227 Ga. 18, 20 (178 SE2d 890) (1970) (the four corners or the face of a note tell the story and the instrument itself is the best evidence of the intent of the parties); see also OCGA § 23-2-114 (powers of sale in deeds and other instruments will be strictly construed); *Verner v. McLarty*, 213 Ga. 472, 477 (2) (99 SE2d 890) (1957) (powers of sale in deeds are matters of contract and they must be strictly construed and will be enforced as written), overruled on other grounds, *Ward v. Watkins*, 219 Ga. 629, 632 (135 SE2d 421) (1964).