A10A0858. DuBARTON ENTERPRISES, LLC v. APPALACHIAN COMMUNITY BANK.
(695 SE2d 748)

JOHNSON, Judge.

Appalachian Community Bank loaned approximately $621,000 to DuBarton Enterprises, LLC. DuBarton defaulted on the loan, and Appalachian began foreclosure proceedings pursuant to the Security Deed and Agreement that was executed in conjunction with the loan. DuBarton filed a complaint against Appalachian, alleging negligence and fraud by the bank. DuBarton also moved for an interlocutory injunction, seeking to enjoin the foreclosure. The trial court denied the motion, and DuBarton appeals.

"The grant or denial of an interlocutory injunction rests in the sound discretion of the trial court."[1] However, "[t]he court's power to grant an injunction should be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to."[2] Moreover, "where there is no conflict in the evidence, the judge's discretion in granting or denying the interlocutory injunction becomes circumscribed by the applicable rules of law."[3] In this case, the evidence of Appalachian's right to exercise its power to foreclose is established by the unambiguous terms of the security deed, which plainly gives the bank that right if the loan is not satisfied by the maturity date.[4] "It is uncontroverted that the loan was not and never

---

[6] See *Agee*, supra.

[1] (Citation and punctuation omitted.) *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987).

[2] (Citations and punctuation omitted.) *Cherokee County v. City of Holly Springs*, 284 Ga. 298, 301 (2) (667 SE2d 78) (2008).

[3] (Citation and punctuation omitted.) *Shiva Mgmt. v. Walker*, 283 Ga. 338, 340 (658 SE2d 762) (2008).

[4] Id.; *Benton*, supra (power to foreclose plainly provided by security deed may not be limited by contrary interpretation).

has been satisfied. Thus, [Appalachian] is merely exercising a right plainly given by the deed which the grantor executed to it."[5]

Citing *Westpark Walk Owners v. Stewart Holdings*,[6] DuBarton argues that it does not have an adequate remedy at law and therefore the trial court erred in failing to prevent the bank from exercising its right to foreclose. However, *Westpark* is materially different from the instant case and does not mandate a reversal of the trial court's ruling. Unlike this case, *Westpark* involved alleged violations of a restrictive covenant and it ultimately affirmed the denial of injunctive relief because "even though irreparable harm may be assumed in a case involving the breach of a real estate covenant, the mere allegation of such a breach does not entitle the movant to an injunction."[7] Not only did *Westpark* turn on the specific circumstances of the purported breach of a restrictive covenant, but it also did not involve a bank's clear right to foreclose pursuant to a security deed.

DuBarton further claims that the trial court should have enjoined Appalachian from exercising its right to foreclose due to its allegedly fraudulent failure to enter into another loan agreement with DuBarton so that it could satisfy the first loan. That claim is without merit.

> Any subsequent actions on the part of [Appalachian] that [DuBarton] claims have made it harder . . . to repay the loan are immaterial, as [Appalachian] had the right, under the plain terms of the deed, to exercise its power of sale immediately upon [the] default. While [DuBarton] contends that [it is now prevented] from securing a loan that would enable [it] to repay the loan from [the bank], [DuBarton's] post hoc efforts to satisfy the loan are irrelevant to [Appalachian's] right to exercise its power of sale.[8]

This court will not interfere with a trial court's grant or denial of an interlocutory injunction in the absence of a manifest abuse of discretion.[9] Because Appalachian had the legal right to foreclose, the trial court did not abuse its discretion in denying DuBarton's request for an interlocutory injunction.[10]

---

[5] (Citation and punctuation omitted.) *Shiva Mgmt.*, supra.

[6] 288 Ga. App. 633 (655 SE2d 254) (2007).

[7] Id. at 635 (2).

[8] (Citations omitted.) *Shiva Mgmt.*, supra at 340-341.

[9] *Cherokee County*, supra; *E-Lane Pine Hills v. Ferdinand*, 277 Ga. App. 566, 570 (627 SE2d 44) (2006).

[10] See *Shiva Mgmt.*, supra at 341 (finding abuse of discretion where trial court enjoined the plain right to foreclose under a security deed). See also *Benton*, supra at 674 (3).

*Judgment affirmed. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 1, 2010.

*Kaufman, Miller & Sivertsen, Robert J. Kaufman, Jeremy B. Liebman*, for appellant.

*Thompson, O'Brien, Kemp & Nasuti, Bret T. Thrasher, Epstein, Becker & Green, Jeffery R. Saxby*, for appellee.